INTER-OCEAN CASUALTY COMPANY *v.* COPELAND.

Opinion delivered November 9, 1931.

*Alfred Featherston,* for appellant.

*Feazel & Steel,* for appellee.

BUTLER, J. In April, 1930, Charles E. Holcomb made application for and received the appellant company's insurance policy, by the terms of which he was to be indemnified for death by accidental means in the sum of $500 and against sickness in the sum of $50 per month when by reason of such sickness he was totally disabled and necessarily and continuously confined in the home receiving treatment therein from a physician at least once each seven days, and in one-half of the aforesaid sum where the sickness totally disabled but did not continuously confine him in the home but receiving regular treatments from a physician at an office at least once each seven days.

On the 21st of December, 1930, the said Charles E. Holcomb was accidentally killed, and liability was denied by the appellant. Thereupon the appellee, Mrs. Copeland, the beneficiary named in the policy, brought this suit to recover the amount of the indemnity. From a verdict and judgment in the court below in favor of the appellee, the appellant has prosecuted this appeal.

The appellant complains first that the court erred in denying its prayer for continuance. The action was filed on the 25th day of February, 1931, and the indorsements upon the complaint made by the clerk of the court are as follows: "Summons issued February 25, 1931." "Summons served February 26, 1931." "Filed March 2, 1931." On the 16th day of March, 1931, the Hon. A. P. Steele, the regular presiding judge, announced his disqualification, and an election was held by the practicing attorneys, and the Hon. Tom Kidd was elected special judge to try the case. On the 20th of March, 1931, which was the day apparently set for trial, on petition of defendant, it was given until the 23d to answer, and on that day answer was filed. On the 25th, various motions were filed including the motion for continuance, which motion

alleged as grounds for the same that the defendant's attorney had not had time to obtain the information necessary for the preparation of the defense as he had not been employed until March 12, 1931, and did not know the terms and conditions of the policy, as the same had not been filed with the complaint, and as a further ground alleged that certain named persons were material witnesses for the defendant, officers of the defendant company and all of them nonresidents of the State; that defendant had used due diligence to obtain the presence of these witnesses, but had not had time to have them in attendance or to take their depositions, and that they were not absent by consent, connivance, etc., of the defendant. The plaintiff admitted that the witnesses named if present, would testify to the statement contained in the application for continuance, and the court thereupon overruled the motion. In this action the court did not err.

The statute prescribed that the case will stand for trial at the term following twenty days' service of summons upon the defendant (Crawford & Moses' Digest, § 1286), and it will therefore be presumed that this is sufficient time in which to prepare for trial. *Clark Lbr. Co. v. Northcutt*, 95 Ark. 291, 129 S. W. 88. The fact that the attorney had not seen the policy was no reason for a continuance, for the defendant itself had in its possession all the information which the policy disclosed and could have communicated this to its attorney. If, under the circumstances, the defendant was entitled to the attendance of the witnesses named, there was no error in overruling the motion on account of their absence, for § 1270 of the Digest prescribes: "if the adverse party will admit that on trial the absent witness, if present, would testify to the statement contained in the application for a continuance, then the trial shall not be postponed for that cause." The plaintiff made this admission, and the record discloses that the said statements were read to the jury on trial of the case as the testimony of said witnesses.

■ The deposition of Dr. Henby was taken at Delight and filed with the clerk of the court on March 19th. On March 26th the cause came on for trial, and the plaintiff offered his deposition. The attorney for appellant interposed an objection, and the following colloquy took place:

"Mr. Steel: We desire to read the deposition of Dr. Henby. Mr. Featherston: We just filed a motion to quash the deposition. Mr. Steel: We move to strike it from the record. The jury is selected, the opening statements made, and the trial begun. Court: It comes too late. The court cannot continue to hear motions one after the other on the same subject. Mr. Steel: We wish the court would make a statement in the record that the trial is begun. Court: The motion was filed after the impaneling of the jury, and statements of attorneys for both plaintiff and defendant were made. Mr. Featherston: It was filed before the statements, and after the impaneling of the jury. Court: The motion will be overruled and stricken from the files."

As grounds for the motion it was alleged that the deposition of Dr. Henby was taken without proper notice, that the defendant had no opportunity to be present, and that the deposition was prejudicial to the rights of the defendant. The exception came too late, and the court properly overruled the motion. "No exception other than to the competency of the witness or to the relevancy or competency of the testimony shall be regarded, unless filed and noted on the record before the commencement of the trial." Section 4249, Crawford & Moses' Digest. As will be seen, there was a difference of opinion between the judge and the attorney as to when the motion to strike was filed. The judge stated that it was filed after the impaneling of the jury and statements of attorneys for both plaintiff and defendant, while the attorney insisted that it was filed before the statements and after the impaneling of the jury. It matters not which was correct. Exceptions must be taken "before the

commencement of the trial'' and the trial began with the impaneling of the jury. 1 Hyatt on Trials, p. 39, § 36.

■ At the conclusion of the reading of the deposition objections to the competency of certain questions and answers contained in the deposition were interposed and overruled. The questions and answers objected to are as follows:

"Q. Are you familiar with the policy of insurance that Carl E. Holcomb carried with the Inter-Ocean Casualty Company—policy No. 60605? A. I am. Q. Do you know whether or not the Inter-Ocean Casualty Company was due the insured anything for sick benefits prior to November, 1930? A. It was. Q. How much? A. I do not know exactly, but made reports of his illness to the Inter-Ocean Casualty Company, and they have these reports. I do not find copy of reports in my file. Mr. Holcomb was ill from some time about the first of July until some time the latter part of October or the first of November, or, near as I can tell, he was totally disabled about thirty days of this time and partially disabled about thirty days. The company paid him seventeen dollars and fifty cents ($17.50) leaving a balance due him as near as I can tell of $57.50. In other words, they were due him for one month disability and one month partial disability.''

When these questions and answers are compared with the balance of the deposition and so considered, we are of the opinion that they were relevant and competent. It is apparent from the deposition that Henby was the physician who attended Holcomb during his illness, which began about July 3, 1930, and after a convalescence later recurred and continued through October and until about the first of November; that he was totally disabled for about thirty days; that, as attending physician, Dr. Henby made reports of Holcomb's illness to the appellant company, and that said company had these reports in its possession at the time he testified, and that he was unable to find copies of these reports in his files. In making these reports it is evident

that he familiarized himself with the policy, and that part of his testimony relative to the balance due by the company to Holcomb was not an expression of opinion but a statement of fact, to-wit, that Holcomb had been totally disabled for one month and partially disabled for another month, and for this disability he had received the sum of $17.50, and that part of his answer stating that there was a balance due of $57.50 was but the result of a mathematical calculation. The terms of the policy provided that the insured should have $50 per month for total disability while confined to the home with a physician in attendance, and $25 per month where the insured is unable to perform his usual work but can go to a doctor's office for treatment.

The appellant contends that "the most serious question for determination in this case is whether or not on December 21, 1930, the date of the death of Charles E. Holcomb, the policy which is the basis of this suit was in force." Appellant takes the position that the policy was not in force because the premiums of $3.50 each, due November 1st and December 1st, had not been paid, and that this avoided the policy by the express terms of the same.

It appears from a letter which was offered in evidence from the general agents of the appellant, that it had received claim for sick benefit, and that there had been some previous correspondence between it and Holcomb relative to the claim. This letter was dated October 13, 1930, and was for sickness beginning July 3d, but does not disclose when the sickness for which claim was made terminated. It does indicate, however, that a controversy had been going on regarding the amounts due, but it "decided to allow disability benefit for 21 days partial, amounting to $17.50, deducting therefrom September and October premiums in the amount of $7 and inclosing claim voucher for the difference, $10.50." This claim voucher was dated October 11, 1930, and recited that it was in full payment under the policy for the illness beginning on or about July 3, 1930. It is

argued that the acceptance of this voucher exonerated the appellant from liability because as it contends there was no proof of any further illness. We do not so understand the testimony. Mrs. Copeland, the mother, stated that Holcomb was sick and under the care of Dr. Henby in October and to November 1st, and in November was in a hospital. Dr. Henby testified positively that the periods of illness of which he made reports, amounted to thirty days' total and thirty days' partial disability, and that a part of this illness was as late as about November 1, 1930. The reasonable inference arises that a part of the disability of which report had been made was subsequent to that which was settled for by the voucher of October 11, 1930, and that for this illness no payment has been made. That being true, there were funds sufficient in the hands of the appellant due Holcomb to keep his policy in force for the months of November and December, and it was the duty of the appellant to apply the amounts due Holcomb to the payment of the advance monthly premiums and thus prevent a lapse of the policy. *Union Central Life Ins. Co.* v. *Caldwell,* 68 Ark. 505, 58 S. W. 355; *American Nat. Ins. Co.* v. *Mooney,* 111 Ark. 514, 164 S. W. 276; *Pfeifer* v. *Mo. State Life Ins. Co.,* 174 Ark. 783, 297 S. W. 847, 54 A. L. R. 600; *Continental Casualty Co.* v. *Bigger,* 181 Ark. 156, 15 S. W. (2d) 23.

There was no question raised as to whether or not Holcomb died as a result of the automobile accident and that his death came within the provisions of the policy is not controverted, the sole defense being that the policy was void for nonpayment of premiums. As both parties asked for a directed verdict, the judgment must be upheld, as there seems to be substantial evidence to support the same.

Another position taken by the appellant, which we were about to overlook, is that a demurrer which it filed to the complaint, and which was overruled, should have been sustained for the reason that the complaint was fatally defective in that it did not allege that the plain-

tiff or the deceased, Charles E. Holcomb, the insured, were residents of Pike County, and failed to allege that the accident which caused his death occurred in Pike County, and thus lay the venue under § 6151, Crawford & Moses' Digest. The question raised by the demurrer was that the complaint did not state facts to constitute a cause of action. Venue is no part of a cause of action, and it is not usual, nor does it seem necessary, to aver the facts showing it, but, if so, the defect could not be reached by general demurrer, but by special plea to the jurisdiction. *Hughes* v. *Martin,* 1 Ark. 455; *Pullen* v. *Chase,* 4 Ark. 210; *Stone* v. *Bennett, Id.* 71; *Swinney* v. *Burnside,* 17 Ark. 38.

Upon rendition of the judgment the court heard testimony of reputable attorneys relative to the amount to be assessed as attorney's fees, and, in view of the evidence and the nature of the case, we cannot say that the fee allowed was excessive.

The record is somewhat meager, but the reasonable inference may be drawn that demand upon the company for the amount of life indemnity was made, liability denied, and payment refused. It therefore was not necessary to make formal proof of loss, and the provision of the policy providing for sixty days for filing proof of loss has no effect. The suit was not prematurely brought, and the twelve per cent. penalty was properly affixed.

We find no reversible error in the record, and the judgment must therefore be affirmed.