CENTRAL STATES LIFE INSURANCE COMPANY *v.* HOLCOMBE.

4—2565

Opinion delivered May 23, 1932.

916

*Burk Mann* and *T. D. Wynne,* for appellant.

*J. B. Milham,* for appellee.

·Hart, C. J., (after stating the facts). It is first sought to uphold the judgment on the theory that the insurance company had funds in its hands belonging to the insured which would have paid the next quarterly premium, and, that being true, it was its duty to apply the amount thereto. *Inter-Ocean Casualty Company* v. *Copeland,* 184 Ark. 648, 43 S. W. (2d) 65. The amount referred to was a canceled check for the sum of $23.68, sent by the insured to the company. According to the testimony of Mrs. Holcombe, this represented payment of interest in advance in the sum of $14.88, due on the loan note of $248 remaining unpaid on March 7, 1930; and a balance of $8.80, representing cash payment on the annual premium of $58.80, due on March 7, 1930. The check was applied to these purposes. Hence there were no funds on hand belonging to the insured with which to pay the next premium, due March 7, 1931.

The next contention of the plaintiff is that the company waived the forfeiture under the principles of law decided in *Home Life & Accident Company* v. *Scheuer,* 162 Ark. 600, 258 S. W. 648. On this branch of the case, Mrs. Holcombe testified that they saw in a newspaper a notice that a receiver would be applied for, and that in December, 1930, they wrote to the company with respect to its financial condition. They received a reply that the company would notify them as soon as it was reorganized, and the company did not notify them. She admitted that the letter had been lost and, further on in her testimony, stated that she thought, when they got the company re-

organized, they would let them know to whom to pay the premium. She admitted that she knew that the premiums were due annually on the 7th day of March, and that they had a grace period of thirty days. She also admitted that she knew that, under the terms of the policy, it would be forfeited if they did not pay the annual premium when due, and that the forfeiture would take place under the terms of the policy without any notice thereof. It will be noted that the insured wrote to the company to know about its financial condition, and there was no definite promise made by the company to waive the forfeiture under the terms of the policy, and the insured had no right to rely upon the general statement which plaintiff says was in the letter to the effect that the company would notify the insured when they got reorganized. Plaintiff admits that they were moving around the country at that time and did not stay in one place long.

It is next insisted that there was a waiver of the forfeiture by the letter dated April 7, 1931, which was not received until the 17th day of April, the date on which the insured was fatally burned, and died therefrom sometime that night. This letter appears to have been a form letter, signed ''Conservation Department.'' It was written about the premium loan of $300, which had been placed against the policy, covering the note due March 5, 1931. The letter also notified the insured that the arrangement was to help continue the policy in force, and that the loan might be paid in part or in full at any time during the continuance of the policy. In conclusion, the insured was reminded in the letter that premium notices would be sent, and that all future premiums should be paid promptly in order to maintain the valuable protection that the policy offered. She admitted that she knew the date the premiums were due, and that the policy would be forfeited under its own terms if the annual premium was not paid within the thirty days' grace extension after it became due. This court has held that, under a policy of life insurance providing that it should become void on failure to pay premiums when due, the nonpay-

ment of a premium when due *ipso facto* caused a forfeiture of the insured's rights under the policy. *Home Life & Accident Company* v. *Haskins*, 156 Ark. 77, 245 S. W. 181; and *Home Life & Accident Company* v. *Scheuer*, 162 Ark. 600, 258 S. W. 648.

The result of our views is that, under the undisputed evidence, the court should have directed a verdict for the defendant. For the error in refusing to do so, the judgment must be reversed; and, inasmuch as the cause of action has been fully developed, it will be dismissed here. It is so ordered.