## PULLEN *vs.* CHASE.

The omission of a venue is aided at common law by a judgment by default.

By our own law, it is immaterial, in transitory actions founded on contract, to state the venue in the body of the declaration. The statement in the margin, of the county in which the action is brought, is sufficient.

To support an action upon a contract for the payment of money on demand, no previous demand is necessary,.

In an action upon a promissory note, payable on demand, *non assumpsit infra sex annos*, is a good plea; but, if the promissory note was to do a collateral thing, which would create no debt until demand made, it would be otherwise.

The distinction is, that a debt, arising from a positive existing promise to pay on demand, is due at the date of the contract, and the right of action is then perfect; but, if the promise is to do a collateral thing, on request, nothing is due until request made. Until then, no right of action accrues, and hence, in such case, the demand must be specially avowed and proved.

Under our statute giving interest, a promissory note, payable on demand, draws interest from date.

DECIDED on demurrer, in the Circuit Court of Arkansas county, in October, A. D. 1841, before the Hon. ISAAC BAKER, one of the Cir-

cuit Judges. Debt, on a note payable on demand, by Chase, against Pullen. Declaration entitled, "*Arkansas, sct.* In the Arkansas Circuit Court, to the October term thereof, A. D. 1841." The declaration stated no venue, but was otherwise every way formal. Defendant craved oyer, and, without setting out the note, demurred, on three grounds: First, want of venue; second, failure to describe the instrument; third, for want of an allegation that payment was ever demanded. Demurrer overruled, and judgment for plaintiff for the debt, and interest from the date of the note. The case came up by writ of error. There being a plain excess of ten dollars in the judgment, it was remitted here.

*J. Yell*, for the plaintiff.

A venue should not only be stated positively, and without ambiguity in every declaration, but it should be laid to every material, traversable fact, and that omission will be fatal, though issue be taken upon another point. 1 *Chitty's Pl.* 282. 1 *Saund. on Pl. & Ev.* 413. *Gould's Pl.*, *p.* 111, *sec.* 102, 103. It is essential to the declaration, that a place be alleged, where every fact, material and traversable, occurred. *Rex vs. Holland*, 5 *T. R.* 620. 1 *Chitty's Pl.* 260. Where a wrong county is stated in the margin, and the right county in the body of the declaration, it is cured; but, where the right county is stated in the margin, and a wrong county in the declaration, it is only aided. *Saund. on Pl. & Ev.* 413. 1 *Chitty's Pl.* 282, 284.

*Pike & Baldwin*, contra.

The omission of venue was never ground of any thing more than special demurrer, in a transitory action; at least, not since the statute of Elizabeth, *Mellor vs. Barber*, 3 *T. R.*, where there was a venue in the margin, the want of it in the body of the declaration was no objection, even on special demurrer. *ib. Briggs vs. Nantucket Bank*, 5 *Mass.* 94. *Gilbert vs. Nantucket Bank*, 5 *Mass.* 97. *Alder vs. Griner*, 13 *J. R.* 449.

The instrument not having been set out on oyer, the plaintiff in error does not show that there was any variance.

The breach contains the allegation, " although often requested," and no other allegation of demand was necessary.

The following opinion was delivered by RINGO, C. J.

If the omission of a venue be a defect in substance, at common law, or by the statutes of England adopted in this State, it is not cured by our statute of jeofails, which only extends to judgments by confession, or upon verdict, but not to judgments upon demurrer, where the cause of demurrer is specially stated, as required by the statute. The question, therefore, whether it is such a defect in the pleading as may be taken advantage of by general demurrer, must be determined by the application to it of such rules and principles of the common law and statutes of England, in aid, or to supply the defects thereof, made prior to the fourth year of James the First, as are applicable to it, and of a general nature, and also applicable to our form of government, and not repugnant to the constitution and laws of the United States, or of this State. By the common law, transitory actions might have been brought in any county, but, by the statute, 6 R. 2, Chap. 2, it was enacted, that if, by the declaration, it appears that the contract was in another county than where the writ is brought, the writ shall abate. 1 Com. Dig. 250, (n. 6), 271, (n. 18), 114, (n. 17). The effect of this statute was to require such actions to be instituted in the county where the contract was made, if founded in contract; and, if brought in a different county, although the fact did not appear in the declaration, the court, upon affidavit being made, showing that the cause of action arose in another county, and not in the county where the action was laid, nor elsewhere out of the other county, would change the venue, unless the plaintiff would undertake to give evidence of some matter in issue in the county where the action was brought, when, if he failed to do so on the trial, he was non-suited, which had the same effect as abating the writ according to the statute. 1 Saund. Rep. 74, (2), (h.) And since the statute 4 Ann, Chap. 16, sec. 6, which directs the jury, in civil cases, to be taken from the body of the county, it is held sufficient, in civil cases, to state the county in the declaration, without any place at all. Ware vs. Boydell, 3 M. & S. 108. And even before, it was held sufficient to name the place

Pullen *vs.* Chase.

only in the declaration, because the place is always construed to refer to the county in the margin. 1 *Saund. Rep.* 308, (1). The authorities cited indicate, that the principal object of stating a venue, or place where the cause of action arose, was to show where the trial should be had, or from whence the jury should come, and that, by the ancient common law, no particular place where the cause of action arose need be stated, in transitory actions; and, it has been ruled, that, in such actions, the omission of a venue is aided at common law by a judgment by default, because the defendant thereby admits that there is nothing to try, and that an objection merely to the mode in which the venue is stated, can be taken only by special demurrer. 1 *Chitty's Pl.* 311. *Briggs vs. Nantucket Bank,* 5 *Mass. R.* 94. *Gilbert et al. vs. same, ib.* 97. *Alder vs. Griner,* 13 *J. R.* 449. Now, by the laws of this State, it is wholly immaterial in transitory actions, founded on contract, where the cause of action arose, because, in such cases, the action may be prosecuted in any county, without regard to the place where the contract was made, or the cause of action arose; and the jury must come from the body of the county in which the suit is brought, notwithstanding the contract was made, or the cause of action arose, in a different county; consequently, as no legal right depends upon that fact, the statement of it in the declaration appears to be unnecessary, and the law which required it to be shown, may well be regarded as inapplicable to our form of government, as at present organized; yet, admitting it to be applicable, still it would, as we conceive, be only matter in abatement, or cause of special demurrer, which, under our statute, could not now be taken advantage of by demurrer. But, besides this, the county in which the action was brought, is stated in the margin of the declaration; and this, according to some of the authorities cited, would have been a sufficient venue in such case, notwithstanding the statute of 6 *R.* 2, above cited. The demurrer as to the first ground specially assigned was, therefore, in our opinion, properly overruled.

As to the second ground, it is deemed sufficient to remark, that the instrument exhibited upon oyer is not copied in the transcript before us, and of course we cannot say whether it is truly set out and described in the declaration or not. It is, however, described as paya-

Pullen vs. Chase.

ble on demand, and there is no averment of any special demand or request made of the plaintiff in error to pay it, before the commencement of this suit, which omission constitutes the third objection stated in the demurrer.

This objection cannot, in our opinion, be maintained, because the contract, as set out in the declaration, shows a direct and positive obligation or promise to pay, in consideration of a pre-existing debt or duty; and, in such case, it has been uniformly held, both in England and the United States, that no demand or request is necessary to create a legal right of action on the contract. *Birks vs. Trippet*, 1 *Saund. R.* 32. 2 *Bibb*, 101. *Cotton vs. Beaville et al.*, 3 *Mon.* 224. *Haxton & Brace vs. Bishop*, 3 *Wend.* 13. And it has been adjudged that, in an action on a promissory note, payable on demand, *non assumpsit infra sex annos* is a good plea, for it is payable immediately on the making of the promise; also, if indebitatus assumpsit be brought on a promise to pay on demand, the plea of *non assumpsit infra sex annos* has been held to be good, because it shows a debt due at the time of the promise; but, if the promise was to do a collateral thing, on demand or request, nothing is due until a demand or request is made, and, until then, no right of action accrues; and, therefore, in such cases, the demand or request must be specially averred and proved. The contract, as set forth in the declaration, is clearly of the first description, and the demurrer was correctly overruled.

In respect to the time from which interest on such contract shall be computed, there has been some diversity of decision in the courts of the different States, and even in England; but we are not aware of any case in which it was ever decided that the right of action did not accrue at the date of the contract, which could not be the case upon any legal principle, if the money was not then due, the rule being inflexible, that no legal right of action arises upon any contract, without some breach of the stipulations contained in it, either expressed or implied; and, therefore, as our statute expressly gives interest " for all moneys, after they are become due by any instrument of the debtor, in writing," the interest was correctly allowed to be computed from the date of the note.

Affirmed with costs, deducting $10, *remitted.*

Pullen *vs.* Chase.

Mr. *Justice* LACY concurred.

Mr. *Justice* DICKINSON dissented, and delivered the following opinion:

Interest is deemed to be a compensation for not paying money when due. On a note, payable at a particular day, with interest, it is payable from the date. 5 *Vesey*, 803. *Coop.* 29. 2 *Mass.* 568. 8 *Mass.* 221. If interest is not mentioned, then it runs only after the day of payment. 2 *Burr.* 1081. Any instrument of writing, by which money is to be paid on a day certain, bears interest thereafter, not as damages, but as part of the contract. 3 *B. & C.* 490. 2 *Vesey,* 133, 134. It will be computed on all notes, bills, contracts, or debts, which, on their face, or in the nature of the contract, carry interest from the day when payable. 2 *Vesey,* 306. *Dick.* 307, 308. *Burr.* 119. But, if there is *no* time of payment, or, if payable *on demand,* then, after demand made. 1 *Vesey,* 64. These are the rules which prevail at law, as well as in equity. Interest is given as an incident to the debt, and under rules which preclude all discretion on the part of the courts. Lord ELLENBOROUGH, in delivering the opinion of the court in the case of *Cotton vs. Brag,* 15 *East.* 226, said, "Lord Mansfield sat here upwards of thirty years; Lord Kenyon, for above thirteen years; I have now sat here for more than nine years, (a period of 52 years), and, during this long course of time, no case has occurred where, upon a simple contract of lending, without an agreement for the principal, at a *certain time,* or for interest to run *immediately,* or under special circumstances, from whence a contract for interest was to be inferred, has interest ever been allowed." Most of the cases in this country recognize the same principle. It is one of common sense, easily applied. In *Jacob vs. Adams,* 1 *Dall.,* Chief Justice McKEAN said, " Interest, upon a note payable on demand, is never allowed but from the time of demand made, by suit or otherwise." The same principle is sustained in *Mountford vs. Wills,* 2 *B. & P.* 337, and in *Robinson vs. Bland,* 2 *Burr.* 1085. So in New-York, in *Clark vs. Brown,* 4 *J. R.* 133; 5 *Cow.* 611; 15 *J. R.* 12. Also in Kentucky, in *Gore vs. Buck,* 1 *Mon.* 207; and *Bartlett vs. Marshall,* 2 *Bibb,* 471; and in most of the American courts. 1 *Baldwin's Rep.* 539. All concur, that it is only where a default of payment is made, that inte-

rest attaches.    To allow interest upon a note on demand from its date, without an averment of demand, is, I conceive, a departure from the spirit of the law of interest, and from the reason of all its rules in other cases, neither recognized by the common law, nor authorized by statute.    The objection raised to the judgment of the Circuit Court, in allowing interest in this case, from the date of the note, without an averment of demand on that day, is, in my opinion, *well taken*, and the judgment ought, for that reason, to be reversed.