Scott, J.
From the record in this case, it appears that suit was brought and judgment recovered, in the court of common pleas, by the defendant in error, as the assignee and holder of a written instrument of the following tenor:
“192.59. . Elyria, February 16, 1847.
“Due H. B. Kelsey, treasurer, or order, the sum of ninety-two dollars and fifty-nine cents, on demand, value received.
“ S. R. Darling.”
*The petition contained no averment of a demand previous to the commencement of suit, and no evidence of such previous demand was offered upon the trial.
The defendant below thereupon claimed that interest should be computed only from the commencement of suit. .But the court held otherwise; and, on his default for answer, rendered judgment, after deducting a payment indorsed, for the residue of the principal, with interest from the date of the instrument.
On petition in error to the district court, this judgment was affirmed.
Did the district court err in this judgment of affirmance?
The instrument sued on in this case is not in the usual form of an ordinary promissory note, payable on demand. Yet the difference is one rather of form than of substance.
As to the time from which interest is to be computed on such a note, containing no express stipulation on the subject, the authorities are not entirely uniform; though it must be conceded that *418 -fche weight of authority, both in England and in this country, ■favors the rule that such note will bear interest only from the ■time of demand made or of suit brought.
But, whatever may he the general rule, it may unquestionably be controlled by statute. The act of January 12, 1824, “fixing the rate of interest,” prescribes “that all creditors shall be entitled to receive interest on all moneys after the same shall become due, either on bond, bill, promissory note, or other instrument of writing,” etc. In Hill v. Henry, 17 Ohio, 9, it was held that “ a right of action exists in the payee of such note, upon its delivery; and that from the time of delivery, the statute of limitations commences to run.” It is not easy to see how this doctrine can be sustained, upon legal principles, unless the note be due upon delivery; and if due at its date, then, by the terms of the statute, it bears interest from that time. And so it was held by the Supreme *Court of Arkansas, under a statute similar to ours. Pullen v. Chase, 4 Ark. 210.
As the parties must be presumed to have contracted with reference to the statute, wo think the terms of the instrument create an •obligation to pay interest from its date.

Judgment of the district court affirmed.

Brinkerhoee, O. J., and Suture, Peck, and Gholson, JJ., concurred.