## DICKENS VS. HOWELL.

It is not a material variance in declaring upon a note, in which no day of payment is specified, to describe it as payable on request: particularly where the pleader does not prefer to set it out *in hæc verba*.

*Appeal from Yell Circuit Court.*

Hon. THOMAS BOLES, Circuit Judge.

CLARK, WILLIAMS & MARTIN for the appellant.

That there was a variance between the obligation sued on and that given on oyer, referred to *Sackett vs. Spencer*, 29 *Barb.* (*N. Y.*) *Rep.*, 180; *Jones vs. Brown*, 11 *Ohio*, (*N. S.*) 601; *Cornell vs. Moulton*, 3 *Denio*, 12; 8 *John.*, 189, 375; 2 *McCord*, 246.

Mr. Chief Justice WALKER delivered the opinion of the court.

This is an action of debt brought in the Yell circuit court by Howell vs. Dickens. The defendant craved oyer of the writing declared upon, which having been given, he demurred for variance between the writing described in the declaration, and that given upon oyer. The special cause of variance is, that in the declaration, the writing obligatory is described as being payable on request, and that given on oyer is payable on the fifteenth day of October, 1861, the date of its execution. The court overruled the demurrer, and the defendant offered no further defence. Judgment was rendered in favor of the plaintiff, from which the defendant appealed.

The question of variance is the only one presented for our consideration.

The writing obligatory declared upon is in the following words: "For value received I promise to pay Haynes A. Howell eleven hundred and ninety-nine dollars, to bear interest at the rate of ten per cent. from date until paid. Witness my hand and seal this 15th day of October, 1861. SAMUEL DICKENS, [Seal.]" The averment in the declaration is, that the defendant, on the 15th

day of October, 1861, acknowledged himself to be held and firmly bound unto the plaintiff in the sum of eleven hundred and ninety-nine dollars above demanded, to bear interest at the rate of ten per cent. from date until paid, for value received, *to be paid to the said plaintiff when he the said defendant should be thereunto afterwards requested.*

The appellant contends that the contract was due and payable at its date, and that the terms "to be paid upon request," so misdescribed the instrument as to make it payable, not at its date, but upon request; and the question is, do the terms, to be paid upon request, constitute such further description of the contract as to vary it in legal effect, or in other words, to change the time of payment, so as to make the bond payable at another and different time from that at which it was, by the terms of the contract, to have been paid. If it does, then the variance is material, and the demurrer should have been sustained; otherwise, the judgment of the court was correct.

By reference to the authorities upon this subject it will be found that, in contracts like the one under consideration, where no time of payment is mentioned in the note or bond, it is in effect a promise on demand. *Story*, in his work on *Promissory Notes, p.* 29, says: "Where a note does not specify a day or time of payment, it is by law deemed payable on demand, and therefore is construed as if it contained the words, payable on demand, on its face." We observe that *Chitty*, in his forms for declarations in debt upon bonds, has omitted the words: "When he the said defendant should be thereunto afterwards requested," but in a note referring to this part of the declaration, says that "they are usually inserted," but as they "are not usually in the bond, they seem better omitted in the declaration." The form prescribed, and the note in explanation of it, although not of great weight in determining this question, show that it is not a matter of vital importance which form of declaring is adopted, whilst some of the American courts hold it best, where no time of payment is specified in the note, that it should be declared upon as

a note on demand. Thus, in the case of *Green vs. Dribelis*, 1 *Iowa Reps.*, *p.* 552, in an action on a promissory note, in which no time of payment was specified, a demurrer was filed to the declaration, because it was not averred at what time the note was due and payable. The judge, who delivered the opinion of the court, said: "It is very correctly assumed by counsel for the plaintiff in error, that where no time for payment is mentioned in the note, it is, in contemplation of law, payable on demand." The declaration is objected to on the ground that it does not specially describe the note according to its legal effect. The note should, no doubt, be declared upon as a note payable on demand, but it does not necessarily follow that the particular words *on demand* should be incorporated in the declaration, if it alleges, in other terms, the time when the note became due, and in this particular we can but consider the declaration sufficient in law." Thus it will be seen that the ground of objection to the declaration in that case was, that the pleader had failed to do precisely that which he did do in the case before us, that is: allege that the bond was to be paid upon request, which is held by the court to be the legal effect of a promise to pay when no day for payment is specified in the contract. Such being the legal effect of the contract, in the language of STORY, "as much so as if it contained the words, payable on demand, on its face," we think it clear that the pleader in this instance did not err in so declaring upon it, because in so doing he but stated what was true according to the legal effect of the bond, and consequently there was no material variance between the bond as declared upon and that given on oyer.

The rights of the parties are, in no respect, affected by this construction of the legal import of the contract; no demand was necessary to entitle the party to his right of action, which was matured and perfect from the date of the bond. The addition of the descriptive words, "to be paid upon request," used by the pleader, is not understood as altering, or in any manner changing the time when the debt became due, and brings this case within

the rule laid down by this court in the case of *The State Bank vs. Peel et al.*, 6 *English's Rep.*, *p.* 753, in which this court held " that a variance is immaterial when it does not change the nature of the contract, which must receive the same legal construction, whether the words be in or out of the declaration." It should be remembered too, that the pleader did not attempt to set out the bond in *hæc verba*, but only set forth the contract in substance and legal effect, and when such is the case, the same strictness is not required as where the pleader attempts to set forth the contract literally.

We are therefore of opinion that the court did not err, in overruling the defendant's demurrer and rendering judgment for the plaintiff.

Let the judgment be affirmed.