## RINGO v. BROOKS.

STATUTE OF LIMITATIONS—*What will suspend.*—To suspend the statute of limitations or to remove the bar, when it once attaches, there must be an acknowledgment of the debt or a promise to pay it.  If it be an acknowledgment simply, it must be express and to the effect that the debt is due at the time.   If it be a promise, that also must be express and pre-supposes an acknowledgment.

The acknowledgment or promise must clearly identify the debt; must identify it with such certainty as will determine its character and the amount due; it must be made to a party in interest, to the person to whom the debt is due, or one authorized to act for him, and *with the intent to pay it at the time.*

Where there is no privity between the parties, a promise or acknowledgment will not suspend the statute.

*Appeal from Pulaski Circuit Court.*

HON. JOHN WHYTOCK, Circuit Judge.

*Ringo, Garland & Nash,* for appellant.

This suit was brought under the *14th section of "An Act, defining the jurisdiction of Justices of the Peace,"* approved December 16, 1868, and was properly brought in the name of Ringo, the party in interest, if·brought at all under the law then in force.

The repeal of that portion of the act under which the suit was brought, by the *Act of April 12, 1869,* did not invalidate the proceedings, but continued and made effectual the same, the same as though there had been no repeal. *See Ac*, 12 April, 1869; also secs. 794–95 of Code; also sections 25 and 30 of Code.* Hence, we submit that the court erred in sustaining the demurrer to the plaintiff's replication to the statute of limitations.

*Rice & Benjamin,* for appellee.

Brooks had the right to pay all of the firm debts by pleading the statute of limitations, if that was or would have been a good bar to the debt, if the firm had not entered into such covenant. *See Gould's Digest, page 753, and sec ions 22 and 23. See Woody, et al v. State Bank, 12 Ai k. 780. Grant v. Ashley 12 Ark. 762.*

SEARLE, J.

This was an action, brought before a justice of the peace, by the appellant against the appellee, on the 3d of February, 1869, for the recovery of money alleged to be due, for the use and occupation of his certain farm by appellee, during the year 1865. The action was upon an account against one Hanger and Brooks, the appellee herein, for two hundred and forty dollars; but brought against Brooks alone, by virtue of a certain agreement, the nature of which will appear further on. The

complaint alleges that the said Hanger and Brooks, as partners, cultivated plaintiff's farm during the year 1865; that afterwards, upon the dissolution of the partnership and the adjustment of the business thereof, the said parties, as between themselves and said Brooks, had not paid the money due for the use and occupation of the plaintiff's farm, the same being one of the debts so agreed to be paid by the said Brooks.

Defendants answered that the cause of action had accrued more than three years before the commencement of the action, whereby the action was barred.

The plaintiff replied, that since the accruing of his cause of action, to wit:   On the 22d of May 1867, the defendant agreed in writing, by his attorney, in fact, to pay all the debts of said partnership.   He further replied that, within three years after the cause of action accrued, he instituted suit thereupon, in the Pulaski circuit court, against the said Hanger and one Rogers, and prosecuted the same to judgment against Hanger, but dismissed as to Rogers, he having bankrupted, and that he commenced this suit within one year next after the termination of said suit.   To said replications the defendant demurred.   The demurrer was sustained and judgment rendered against plaintiff for costs, from which judgment plaintiff appealed to the Pulaski circuit court.   The case was heard on the same pleadings in the circuit court, demurrer sustained, judgment against plaintiff, and he appealed to this court.

The only questions to be considered, are questions of law; the demurrer admitting the facts of the replications as therein pleaded.   We have therefore only to consider as to whether the agreement of the appellee, Brooks, by his agent, or the action against Hanger and Rogers had the legal effect to suspend the operation of the statute of limitation as to this cause of action.   We will first consider the agreement.   It was entered into by Brook's agent, whose duty it seems to have been to transact his business, generally, in his absence.   It evidenced an assumption of all the debts and obligations of the partnership, the plaintiff's debt being one of them.   Are these facts,

under the law, sufficient to constitute an acknowledgment of the debt, or a promise to pay it.

The authorities, in relation to questions growing out of the statutes of limitation, are somewhat conflicting. The statutes themselves are a meagre outline of the law. The rules relative to their construction and application are numerous. Let us endeavor to ascertain such as may be applicable to the case at bar, following the hitherto pretty strict construction given to these statutes by this court. To suspend the operation of the statute of limitation against a debt, or to remove the bar, when it once attaches by limitation, there must be an acknowledgment of the debt or a promise to pay it. If it be an acknowledgment simply, it must be express and to the effect that the debt is due at the time. If it be a promise, that also must be express and pre-supposes an acknowledgment. The acknowledgment or promise must clearly identify the debt; must identify it with such certainty as will determine its character and the amount due. *Ringgold and Hynson v. Dunn, 8 Ark. 499; State Bank v. Alston, 9 Ark. 455; Brown v. State Bank, 10 Ark. 135; Bebee v. Block, 12 Ark. 768; Grant v. Ashley, 12 Ark. 764; Cook v. Martin, 29 Cowen, 65; Buckingham v. Smith, 23 Con. 455.* Like all other acknowledgments and promises, having legal force and sanction, they must be made to a party in interest; to the person to whom the debt is due, or one authorized to act for him, and with the *intent at the time to pay it. Roscoe and wife v. Hale et al., 7 Grey (Mass.) 275; Wakeman v. Shuman, 5 Selden (N. Y.) 91; Clark v. Maguire's ad'mr. (35 Penn.) 260; Kenner v. Krull and wife, 19 Ill. 190.* When so made, within the rules above indicated, the law presumes that the party making them, have assumed anew their obligations, if the statutes have not attached the bar; but if the bar has already attached, the law presumes a new undertaking, and yet the assumption anew of the obligation, or the new undertaking, as the case may be, has reference alone to the statute bar, and cannot be made the foundation of the action. Let us apply the above rules to the case under consideration: The agreement was replied to suspend the opera-

tion of the statute. Had it such effect? The agreement was entered into by Rogers, as agent for Brooks, with Hanger, Brooks' former partner. It obligated Brooks to pay all debts due from the partnership of Hanger & Brooks; but it nowhere or in any manner specified or pointed out plaintiff's debt. This was certainly necessary to bring the agreement within the rules above indicated, and to give it the character of an acknowledgment of, or promise to pay the debt, to make it legally binding upon Brooks. But what makes the agreement still more worthless, if possible, as an acknowledgment of or promise to pay Ringo's claim, was, that it was entered into with a stranger and not with the plaintiff or his agent. It was, therefore, in no respect an acknowledgment or promise, within the law, and would not have the effect to prevent the running of the statute against plaintiff's account.

We will next consider the effect of the action as pleaded in plaintiff's second replication.

It appears that Hanger and Rogers had formed a partnership to cultivate plaintiff's farm in 1865. After commencing work thereon, Rogers quit the partnership and Brooks took his place, and the business was carried on during the rest of the year by Hanger and Brooks. The action was instituted against Hanger and Rogers, the latter, not as an agent of Brooks, but in his individual capacity, and was dismissed upon the suggestion of his bankruptcy. It appears, also, that it was commenced after the dissolution of the partnership of Hanger and Brooks. So far then as *this* action is concerned, *that* action is to be considered as against Hanger alone. The inquiry suggested is, did that action suspend the running of the statute, as against plaintiff's claim against Brooks? We are clearly of opinion that it did not, for there was no privity between Brooks and Hanger in that suit, and therefore there could be no privity between Brooks and Ringo. Brooks being not a party to it, the judgment against Hanger in no respect renewed Brooks' obligation to satisfy Ringo's claim.

Finding no error in the judgment of the court below, the same is affirmed.