GEORGE W. SIBERT v. JOHN H. WILDER, *et al.*

1. LIMITATION OF ACTIONS; *Statute of Repose.* Statutes of limitations are now regarded, not as statutes of presumption, but as statutes of repose.

2. ACKNOWLEDGMENT, TO REVIVE DEBT—*To Whom to be Made.* An acknowledgment of a debt, to take the case out of the statute of limitations, must be made, not to a mere stranger, but to the creditor, or some one acting for or representing him.

*Error from Douglas District Court.*

IN December 1873 *Sibert* brought his action against *Wilder & Palm,* on a promissory note given by defendants to one

W. H. R. Lykins, in August 1867. Defendants paid Lykins $250 on said note, and afterward and in October 1867, after said note was due and payable, Lykins assigned the note to ‚Sibert. In March 1868, one Chancellor Livingston commenced an action against said Lykins, and caused said *Wilder & Palm* to be summoned therein as garnishees of said Lykins. Said action was continued from term to term, and in October 1873, John H. Wilder, one of the firm of " Wilder & Palm," as garnishee, made his answer, under oath. A copy of such answer is annexed to and made a part of *Sibert's* petition in this case, and is relied upon by *Sibert* to take his action out of the statute of limitations. The defendants demurred to the petition. The district court, at the January Term 1874, sustained the demurrer, and gave judgment in favor of the defendants. . *Sibert* appeals, and brings the case here on error.

*Thacher & Stephens,* for plaintiff:

The affidavit of Wilder is an acknowledgment of a then subsisting claim. His language is, "There was due and owing on said note on the 25th of March 1868, the amount of said note, less $250. Said note *is still outstanding and unpaid at this date,* except that I claim an offset for $300." Before and independent of the code of procedure, *any* promise or acknowledgment of a subsisting indebtedness, whether by parol or in writing, was a revivor of the demand. If it is an acknowledgment, it is that the debt is still due. (5 Wend. 258.) At the time of the adoption of our statute, some of the states through their courts had established the rule that no demand should be revived except by an express promise, or such an acknowledgment as should be held equivalent thereto. In other States the doctrine has been held different, as in Massachusetts, in *Whitney v. Bigelow,* 4 Pick. 110. There the court made the distinction that where a *promise* is relied on, it must be made to the party, but where an *acknowledgment* of indebtedness was relied on, it might be

made to any one.    And so in *Davis v. Stiner*, 14 Penn.
St. 278.

By § 24 of the code it is provided, "In any case founded
on contract, when any part of the principal or interest shall
have been paid, or an acknowledgment of an existing liability,
debt, or claim, or any promise to pay the same, shall have
been made, an action may be brought," etc., "but such ac-
knowledgment or promise must be in writing, signed by the
party." The proof shows clearly an acknowledgment of an
existing liability, and the witness does not claim that the
demand is barred.    But it is claimed by defendants, that
when Wilder answered he was *compelled* to answer.    He was
not however compelled to acknowledge the existence of a
debt which was barred by the statute.    He was at liberty to
state that, originally there was a cause of action, and that
the same was barred by the statute.    Instead of so doing he
said, "Said note is still outstanding and unpaid at this date,"
etc.    If this is not the *admission of an existing liability* of the
amount of the note, less the reduction by payment and offset,
we are unable to understand the force of language.    The
provision of the statute is, that either an acknowledgment, a
promise, or a payment of a part, shall renew the obligation.
A *promise* must of necessity be made to the party, or his rep-
resentative.    An *acknowledgment* may be made to any one.
Hence the provision of the statute.    A payment is only an
acknowledgment, and much less forcible than a written ac-
knowledgment.    It is in reality only an acknowledgment to
the extent of the amount paid, unless it be paid as interest,
in which case it would be an acknowledgment of the amount
for which interest was paid; yet both the statute and the
courts have held payment of part of the principal sufficient to
take the case out of the statute for the residue.    The court
will not, by construction, do away with the statute, but will
give effect to all parts of it when the intent of the lawmaker
can be discovered. (*Waller v. Harris*, 20 Wend. 561.) · Here
it appears that the note was made by defendants to Lykins;

that Lykins transferred the note to the plaintiff; that Livingston had brought suit against Lykins, and garnisheed defendants, and that in such proceeding the answer was made and signed by Wilder *admitting* the liability. And besides, the writing is made and signed when the very purpose of the inquiry is to ascertain whether anything and how much *is owing*.

*S. A. Riggs,* and *Nevison, Simpson & Alford,* for defendants in error.

1. The answers made in court by Wilder, when garnisheed by Livingston, do not constitute a cause of action in favor of Sibert against Wilder & Palm. The answers were not voluntary. Wilder was *compelled* to make answer to the questions propounded; and the answers were therefore given under duress. "By the general consent of the courts of this country and of England, a mere acknowledgment which does not contain, by any reasonable implication or construction, a new promise, is not sufficient." (Parsons' Mercantile Law, 235.) A *promise* cannot be inferred from an *involuntary* acknowledgment. Duress avoids all contracts. "As the acknowledgment should be voluntary, we doubt whether those made under process of law, as by a bankrupt, or by answers to interrogatories which could not be avoided, should ever have the effect of a new promise." Parsons' Merc. Law, 237; Metcalf on Contr. 142; 5 Selden, 91; 4 Selden, 367.

2. Even if Wilder's answers had been voluntary, they would not have constituted a cause of action. "A new promise is not now implied by the law itself, from a mere acknowledgment." Parsons' Merc. Law, 236. And see, 2 Greenl. Ev., § 440. "The mere acknowledgment of a debt is not a promise to pay it. A man may acknowledge a debt which he knows he is incapable of paying, and it is contrary to all sound reasoning to presume from such acknowledgment that he promises to pay it." 1 Pet. 351; 4 Penn. St. 321; 14 N. H. 422; 9 Penn. St. 410; 15 N. H. 140; 22 Vt. 179.

The acknowledgment was not made to Sibert, but to Liv-

ingston.   It is now settled, we believe, that the acknowledgment must be made to the creditor and not to a stranger.  2 Story's Eq., §1521a; 1 Phillips' Ev., note 140.   A creditor cannot avail himself of a promise made to a stranger.   There is no privity between them.   Besides this, there would be no consideration to such a promise.  4 Seld. 367; 5 Seld. 91.

The opinion of the court was delivered by

BREWER, J.:  This action was brought to recover the amount of a promissory note given by the defendants August 29th 1867, and payable one day after date.   The petition was filed December 17th 1873, and consequently the demand is barred by the statute unless the cause of action is saved by subsequent acknowledgment.   The acknowledgment relied upon to take the case out of the statute is the affidavit of J. H. Wilder, one of the copartners, taken before the clerk of the court, October 30th 1873, one month and-a-half before suit brought.   The language of said affidavit is, "There was due and owing on said note on the 25th day of March 1868, when notice of garnishment in this and other cases was served, the amount of said note as above stated, less the $250.   Said note is still outstanding and unpaid at this date, except that I claim an offset on a certificate of deposit issued to said W. H. R. Lykins by one A. E. Baird, dated September 17th 1867, for $300, and on a counter-check by said Lykins to one B. W. Fitts, and transferred to me, accompanied by a written order upon Lykins for that amount dated October 9th 1867. The firm of Wilder & Palm, was and is composed of myself and Andrew Palm."   This affidavit was signed by John H. Wilder.   The defendant demurred to the petition, and the court below sustained the demurrer.

Three objections are made to this acknowledgment — that it was not voluntary, but enforced; that it is not the admission of a present and subsisting debt, which the party is liable for and willing to pay, and that it was not made to the creditor, or any one acting for him, but to an entire stranger.   As the record appears before us we think the last point well

taken; and without considering the others, upon that decide the case. All that can be gathered from the record is, that this acknowledgment was made in an answer returned by Wilder as garnishee in an action brought against the assignor of the plaintiff. It was not therefore made to this plaintiff, or his assignor, or to any one acting for him, but to a party claiming adversely to such assignor. Is such an acknowledgment within the statute? We think not. It may be conceded that at one time the decisions of the courts were in favor of such a construction: *Peters v. Brown,* 4 Esp. N. P. R. 46; *Clark v. Hougham,* 2 Barn. & Cress. 153; *Montstephen v. Brooky,* 3 Barn. & Ald. 141; *Halliday v. Ward,* 3 Camp. 32; *St. John v. Barrow,* 4 Porter, (Ala.) 223; *Whitney v. Bigelow,* 4 Pick. 110. But these rulings grew out of the fact that the statute of limitations was regarded as a statute of presumptions rather than as one of repose. It is well said in 3 Pars. on Contr., 5th ed., p. 63, "A very little observation will show that these two views lead to results which are not only distinctly different, but antagonistic. This difference may be stated theoretically thus: If the statute of limitations be a statute of presumptions, then it is taken away by whatever will rebut the presumption, and this is anything which implies or amounts to an acknowledgment that the debt still exists; but if it be a statute of repose, then it remains in force unless the debtor renounces its benefit or protection, and voluntarily makes a new promise to pay the old debt." It is perhaps needless to add that the latter is to-day the accepted view. Under that view it is held that an acknowledgment to a mere stranger will not avoid the running of the statute. The acknowledgment of a debt, to take a case out of the statute of limitations, must be made, not to a mere stranger, but to the creditor, or some one acting for him, and upon which the creditor is to act or confide. 2 Story's Eq., § 1521a. See also, as further authorities, *Bloodgood v. Brewer,* 4 Selden, 362; *Wakeman v. Sherman,* 5 Selden, 85; 5 Nev. 206; *Taylor v. Hendrie,* 8 Nev. 243; 3 Parsons' Contr., 5th ed., p. 85; *Collins v. Bane,* 34 Iowa,

389; *F. & M. Bank v. Wilson*, 10 Watts, 261; *Christy v. Flemmington*, 10 Penn. St. 129; *Kyle v. Wells*, 17 Penn. St. 286; *Johns v. Sands*, 63 Penn. St. 324; *Rings v. Brooks*, 26 Ark. 540; *Roscoe v. Hale*, 7 Gray, 275; *Keener v. Crull*, 19 Ill. 190; *Farrell v. Palmer*, 36 Cal. 187; *Georgia Ins. Co. v. Elliott*, Taney, 130.

The judgment will be affirmed.

All the Justices concurring.