STURDIVANT *v.* McCORLEY.

Opinion delivered June 10, 1907.

1. STATUTE OF LIMITATIONS—DEBT PAYABLE ON DEMAND.—A debt payable on demand is due immediately, so that an action can be brought at any time without any other demand than the suit, and the statute of limitations begins to run at once. (Page 281.)

2. SAME—EQUITABLE MORTGAGES.—The statute of limitations relating to mortgages (Kirby's Digest, § 5399) does not apply to equitable mortgages evidenced by absolute deeds. (Page 281.)

3. EQUITABLE MORTGAGE—REDEMPTION.—Where an absolute deed was executed as security for a debt, the effect of the transaction in equity was a mortgage; and, though the mortgage debt was barred, the gagee (grantor) could redeem only by paying the debt. (Page 282.)

4. APPEAL,—MODIFICATION OF JUDGMENT.—Where, in a mortgage fore-
closure suit, the mortgagee erroneously recovered a decree *in per-
sonam* against the mortgagor, as well as a foreclosure of the mort-
gage, when the mortgage debt was barred, the decree will be modified
on appeal so as to limit its enforcement to the mortgaged property.
(Page 283.)

Appeal from Howard Chancery Court; *James D. Shaver,*
Chancellor; affirmed.

*W. C. Rodgers,* for appellant.

1. As to the debt, no time having been agreed on by the
parties, it became at once due. No demand was necessary to
entitle the party to his right of action. 24 Ark. 230. The debt
was barred, and the mortgage, treating the deed as a mortgage,
was also barred. Kirby's Digest, § 5399; 64 Ark. 305. The
burden is upon appellant to show that the statute of limitations
has not run. 6 Ark. 381; 21 Ark. 379; 27 Ark. 343; *Id.* 500;
53 Ark. 96; 04 Ark. 26; 93 S. W. 978.

2. Appellee should be held to be barred under the doctrine
of laches. Equity will not lend its aid to enforce stale claims,
even though a plea of the statute of limitations has not been
interposed. 81 Ark. 279; 120 U. S. 534; 50 Ark. 141.

3. The statute of limitations can not be tolled by a bare
verbal statement that the demand is just and unpaid. Kirby's
Digest, § 5079; 26 Ark. 540.

*W. P. Feazel,* for appellee.

1. The deed was absolute in form, and did not become a
mortgage until so decreed by a court of competent jurisdiction.
If it was intended to be a mortgage, that fact must be established
by evidence other than the instrument, and must be clear and de-
cisive. 19 Ark. 278; 40 Ark. 146. The statute of limitations
should be strictly construed so as not to include any causes of
action that do not fall clearly within its provisions. 49 Pac.
551; 41 Ark. 525.

2. By the terms of the contract between the parties to the
deed, a trust relation arose between them, and in such cases the
statute does not begin to run till the termination of that relation.
Perry on Trusts, § § 243, 231; 71 Ark. 165.

3. W. A. J. Sturdivant is estopped to plead the statute
by the allegations of his complaint and his testimony in the case

of *Sturdivant* v. *Cook,* 81 Ark. 279. Where one·has an election between inconsistent remedies, he will be confined to the one he first adopts. 102 Mo. 291 ; 22 Am. St. 777; 100 Mo. 309. Parties are bound by their allegations and admissions in pleadings. 19 Ark. 319. See also 122 Mich. 613; 81 N. W. 581. Equitable protection against stale demands should never be a shield for fraud or concealment. 52 Ark. 502; 34 Ark. 312.

4. There being no time of payment fixed by the parties to the deed, the statute does not begin to run until demand of payment and refusal to pay. 24 Ark. 230; 8 Ark. 429; *Id.* 109.

RIDDICK, J. This is an action by Mrs. Minnie McCorley to recover of her two brothers, W. A. J. Sturdivant and J. B. Sturdivant, a one-fifth interest in certain assets of the estate of her father, J. S. Sturdivant, which assets she alleges have been converted by the defendants to their own use.

The defendants filed an answer, and on the hearing there was a judgment against the defendant W. A. J. Sturdivant in favor of plaintiff for the sum of $1173.60, which was declared to be a lien on certain land owned by defendant. From this judgment the defendant appealed, and the plaintiff took a cross-appeal.

The evidence showed that J. S. Sturdivant, the ancestor of plaintiff and defendant, died in 1904, leaving surviving him three sons and two daughters, who were the only heirs at law, and all of whom were of age. J. S. Sturdivant at the time of his death owed no debts, and there was never any administration on his estate. With the exception of the plaintiff all the heirs of J. S. Sturdivant sold and conveyed their interest in his estate to W. A. J. Sturdivant.

The judgment of the court against W. A. J. Sturdivant was based on the fact that it was shown that in December, 1896, he borrowed $3,000 from his father in order to purchase a tract of land in Howard County, Arkansas. To secure this sum of money, he conveyed the land to his father by an absolute deed, his father making a parol promise to reconvey the land when the debt was paid with ten per cent. interest. No time was set in which the money was to be repaid, it probably being understood between the father and son that the money should be paid when it suited the convenience of the son to repay it. It is admitted that W. A. J. Sturdivant never at any time up to his

father's death disputed the justness of this debt, and always up
to that time recognized the right of his father to hold the land
for this debt. So there was no claim that the right to enforce
the debt against the land is barred by adverse possession of the
land, for, though W. A. J. Sturdivant held possession of the land,
his possession was never adverse to the rights of his father.
But the contention of the defendant is that the debt is now bar-
red by statute of limitations, and that under the statute when
the debt is barred the mortgage is barred. If it was an ordina-
ry mortgage, this argument would be unanswerable, for it seems
to us that the debt is now barred. The evidence shows that no
time was set for the payment of this money. The son borrowed
the money from his father and gave him an absolute deed to
the land, under an oral promise from his father that he would
reconvey so soon as the money was repaid. As no time was
set for the payment, the debt was in law payable on demand.
But it does not follow, as counsel for appellee contends, that
the statute of limitations did not commence to run until demand
was made, for the courts generally hold that a debt payable on
demand is due immediately, so that an action can be brought at
any time without any other demand than the suit, and the stat-
ute of limitation begins to run at once. *Pullen* v. *Chase,* 4 Ark.
210; *Dickens* v. *Howell,* 24 Ark. 230; *O'Neil* v. *Magner,* 81
Cal. 631, 15 Am. St. Rep. 88; *Leonard* v. *Olson,* 99 Iowa, 162,
61 Am. St. Rep. 230, 35 L. R. A. 381; *Seward* v. *Hayden,*
150 Mass. 158, 15 Am. St. Rep. 183, 5 L. R. A. 844; *Citi-
zens' Sav. Bank* v. *Vaughan,* 115 Mich. 156; *Shutts* v. *Fingar,*
100 N. Y. 539; 7 Cyc. 848 and cases therein cited; 2 Randolph,
Com. Paper, § 1040; Wood on Lim. (3d Ed.), § 124.

The fact that the son borrowed the money from the father
did not make him a trustee holding the money for his father.
And as it was over ten years after the money was loaned before
this action was commenced, we think the debt was barred.

But, though that statute of limitations has run on the debt,
the title to the land remains in the grantee or his heirs. They
can bring an action at law to recover the possession. As the
deed is absolute in form without written defeasance, the de-
fendant could not at law show the parol agreement to reconvey;
and as the defendant has not held the land adversely to the

grantee for more than seven years, the grantee or his heirs can recover the possession unless the defendant sets up the equitable defense that the deed was in equity. But, as before stated, when he does this, he will be met by the equitable principle that he who asks equity must do equity, and the court will interfere only on condition that the debt be treated as a valid lien on the land. In other words, the statute of limitations (Kirby's Digest, § 5399) as to mortgages does not apply to equitable mortgages of this kind evidenced by absolute deeds without any written defeasance. See *Fort Smith Milling Co.* v. *Mikles,* 61 Ark. 123; *Martin* v. *Schichtl,* 60 Ark. 595.

The position of the parties then is that, the defendant having executed an absolute deed conveying the land to his father, plaintiff, as one of his heirs, has at law a one-fifth interest therein. In equity this deed is only a mortgage, and the defendant can redeem the land by paying the debt. The debt being barred by limitations, no personal judgment can be rendered against the defendant. But, as the plaintiff is entitled to one-fifth interest in the land or the debt, the defendant is not injured by the decree in favor of plaintiff for her share of the debt, provided that it be enforced only against the one-fifth interest in the land conveyed to secure the debt, and which she would be entitled to recover at law. She can enforce the judgment against that interest in the land which would belong to her if the deed be treated as an absolute deed, or if the land has been sold she can subject one-fifth of the proceeds thereof against the defendant. With this modification the judgment against the defendant will be affirmed.

As to the cross-appeal: the question raised by it as to whether certain funds deposited in the bank in the name of J. S. Sturdivant, the father, and afterwards withdrawn by the defendant W. A. J. Sturdivant belonged to him or his father have been duly considered. The evidence is sufficient to raise some suspicion that this money belonged to J. S. Sturdivant, but the chancellor held to the contrary; and, after considering the evidence, we are not able to say that his finding was against the weight of evidence. His decree in that respect will therefore be affirmed. It is so ordered.

ON REHEARING.

Opinion delivered July 8, 1907.

PER CURIAM. On motion for rehearing our attention is called to the fact that by the adverse possession in the case of *Sturdivant* v. *Cook,* 81 Ark. 279, the estate of J. S. Sturdivant lost one-half of the land conveyed by W. A. J. Sturdivant to his father to secure the debt, one-fifth of which is sued for by Mrs. McCorley in this case. We held in the former opinion that the judgment of Mrs. McCorley in this case could only be enforced against one-fifth interest in the land held by the estate of J. S. Sturdivant which it received from W. A. J. Sturdivant to secure this debt.

It follows therefore from our former decision that her recovery must be limited to the enforcement of a lien on a one-fifth interest of the land still remaining to the estate which it received from W. A. J. Sturdivant, or against one-fifth of the funds from the sale of the half of the lands left to the estate, after the Cook decision.

As this land was sold under a decree in another case, we can not direct the disposition of those funds by an order in this case; but, having declared the rights of Mrs. McCorley in this case, she can proceed by intervention in the case in which the land was sold, or by any other legal method, to enforce her judgment against that portion of the funds that is subject to the same.