Root *v.* Thomas.

4-6660                                    160 S. W. 2d 46

Opinion delivered March 23, 1942.

*Stevens & Cheatham,* for appellant.
*Harry B. Colay,* for appellee.

HOLT, J. ·Appellant, Mrs. Edith Root, on July 29, 1940, sued in the Columbia chancery court, second division, to foreclose a deed of trust. The notes, and the deed of trust which was given as security, were executed by D. T. Thomas and his wife, Annie Thomas, to The John A. Guthrie Mortgage Company in Fayetteville, Arkansas, March 7, 1924, and were due and payable October 1, 1933. Appellant, Mrs. Root, is the owner of the notes and deed of trust by purchase and assignment April 12, 1924.

D. T. Thomas and his wife died prior to the institution of this suit and appellees, who were the defendants below, are their heirs.

Appellees, the Thomas heirs, defended on the ground. that the debt was barred by the five-year statute of limitation. Appellees, Harry B. Colay, Kathleen Landes, J. N. Landes and Mary P. Stephens, intervened in the cause claiming to be the owners of certain mineral interests in the land in question.

Appellant answered the intervention denying every material allegation contained therein.

Upon a trial of the cause, the court found that the cause of action was barred by the statute of limitation as to all defendants and interveners below (appellees here), dismissed appellant's complaint for want of equity, and entered a decree accordingly: This appeal followed.

It is conceded that no payments were made on the indebtedness such as would stay the bar of the statute of limitation, and that the bar would attach on October 2, 1938, unless some intervening cause appears sufficient to toll the statute. Appellant urged below, and urges here, that appellees, heirs of D. T. Thomas and his wife,

entered into a contract with Hugh Stevens on September 29, 1937, the effect of which was to revive the debt as of that date and that the statutory bar would not attach until five years thereafter. The contract in question, which is signed by Hugh Stevens and the Thomas heirs, contains the following provisions:

"That this tract of land is encumbered with a debt due the Rockford National Bank of Rockford, Illinois; that said bank is insisting on a settlement of said indebtedness and to avoid a cost of an administration and other expenses attending litigation the undersigned, the heirs of the said Dave Thomas, together with the wives of the men heirs of the said Thomas, do hereby enter into and employ the said Hugh Stevens as their agent to take charge of the above described tract of land and to obtain a purchaser for a lease upon the entire tract of land together with an undivided one-half of all the minerals in, under and upon the surface of said tract of land provided he can obtain a purchaser for a consideration that will liquidate the above mentioned indebtedness.

"For this service of said Hugh Stevens and for his bearing the expense attending the negotiations necessary to sell the above mentioned land, the undersigned does hereby agree, on his obtaining a receipt in full against the Rockford National Bank, or its assigns, of the indebtedness hereinabove mentioned, to convey to him, the said Hugh Stevens, an undivided one-fourth interest in the oil, gas and other minerals in, under and upon the following described tract of land: . . ."

Are these provisions of the contract sufficient to suspend the operation of the statute of limitation (§ 8933, Pope's Digest), or to extend the time for filing suit? We do not think they are.

The court below has favored us with an opinion in this case, and we think has correctly stated the rule of law applicable here in this language: "There are certain fundamental principles relating to an acknowledgment of a debt that must exist before it is sufficient to extend the time for the filing of an action upon an indebtedness,

among other things the acknowledgment of the indebtedness must be an unconditional promise to pay, or must be under such circumstances that an unconditional promise to pay can be inferred from the writing itself, and, secondly, the acknowledgment or unconditional promise to pay must be made by the parties from whom the debt is due to the parties to whom the debt is due, or to his or her authorized agent.''

This rule appears to have been adopted by this court in some of its earliest opinions, and has never been changed. In *Ringo* v. *Brooks,* 26 Ark. 540, this language is used: ''To suspend the operation of the statute of limitations against a debt, or to remove the bar, when it once attaches by limitation, there must be an acknowledgment of the debt or a promise to pay it. If it be an acknowledgment simply, it must be express and to the effect that the debt is due at the time. If it be a promise, that also must be express and pre-supposes an acknowledgment. The acknowledgment or promise must clearly identify the debt; must identify it with such certainty as will determine its character and the amount due. *Ringgold & Hynson* v. *Dunn,* 8 Ark. 497; *Alston* v. *State Bank,* 9 Ark. 455; *Brown* v. *State Bank,* 10 Ark. 134; *Beebe* v. *Block,* 12 Ark. 595; *Grant* v. *Ashley,* 12 Ark. 762; *Cook* v. *Martin,* 29 Conn., 63; *Buckingham* v. *Smith,* 23 Conn. 455. Like all other acknowledgments and promises, having legal force and sanction, they must be made to a party in interest; to the person to whom the debt is due, or one authorized to act for him, and with the intent at the time to pay it. *Roscoe and Wife* v. *Hale, et al.,* 7 Grey (Mass.) 274; *Wakeman* v. *Sherman,* 5 Selden (N. Y.) 85; *Clark* v. *Maguire's Admx.,* 35 Penn. 259; *Kener* v. *Krull,* 19 Ill. 189. When so made, within the rules above indicated, the law presumes that the parties making them have assumed anew their obligations, if the statutes have not attached the bar; but if the bar has already attached, the law presumes a new undertaking, and yet the assumption anew of the obligation, or the new undertaking, as the case may be, has reference alone to the statute bar, and cannot be made the foundation of the action.''

In the instant case, the contract in question was entered into between the heirs of Thomas and wife and their own agent, Hugh Stevens. Hugh Stevens, under its plain terms, was not Mrs. Root's agent and was not acting for her. There is nothing in the contract empowering Hugh Stevens, appellees' agent, to extend the liabilities, or to create any new liabilities, against these appellees. As the chancellor said in his opinion: "The contract is insufficient to extend the time for the filing of the suit, for the reason it is in no sense or in any way a contract made between the plaintiff and defendants in this action, nor is it an acknowledgment to the plaintiff, nor to any authorized agent of plaintiff, of the existence of the debt, and for the further reason that the contract is not in any way for the benefit of the plaintiff, nor was it intended as an acknowledgment to the plaintiff of the existence of the alleged indebtedness."

Appellant says in her brief: "Besides, if Hugh Stevens might be in this case designated as a 'stranger' still if acknowledgment was made with the intent that it (the acknowledgment) be reported to the creditor it tolls the statute," and contends that appellees are estopped to plead the statute of limitation. We cannot agree to this contention, for the reason that we are of the view that there are no provisions in the contract that would warrant an interpretation that the debt in question was acknowledged with the intent that it be reported to the creditor, Mrs. Root, or her authorized agent.

On the whole case, finding no error, the decree is affirmed.