McMahon *v.* O'Keefe.

4-8498                                           209 S. W. 2d 449

Opinion delivered March 22, 1948.

*Pryor, Pryor & Dobbs,* for appellant.

*Franklin Wilder,* for appellee.

McHaney, Justice.   On July 8, 1947, appellee sued appellant on a promissory note for $614.13, dated April 25, 1942, and payable on demand with interest at 4% per annum.   He alleged that said note had not been paid although demand therefor had been made; and that on or about February 22, 1945, and July 1, 1945, appellant wrote letters to him which acknowledged said debt and promised to pay said note, but had failed to do so.   He prayed judgment for the amount due.   He attached the letter of February 22, 1945, to the complaint as a part thereof.   On motion of appellant, appellee was required to attach .a copy of the letter of July 1,

1945, to his complaint. Appellant then demurred to the complaint on the ground that the complaint and the exhibits show that the alleged debt is barred by the statute of limitations. The court overruled the demurrer, and, appellant refusing to plead further, judgment was entered against him for $741. This appeal followed.

A note payable on demand is due immediately, and the statute of limitations, § 8933, Pope's Digest, begins to run from the date of the note. *Sturdivant* v. *McCarley*, 83 Ark. 278, 103 S. W. 732, 11 L. R. A., N. S. 825; *McCollum* v. *Neimeyer*, 142 Ark. 471, 219 S. W. 746. This action, having been brought more than five years after the date of the note, was barred by said statute unless same was tolled by either or both of the letters above referred to, both written before the statute bar had attached. In his letter of February 22, 1945, written from Bryant, Arkansas, appellant acknowledges receipt of a letter from appellee of February 17. While this latter letter is not in the record, it must have been a demand on appellant to pay his indebtedness owing to appellee, because appellant's letter goes into great detail stating the reasons why he cannot pay it right away. Among other things he said: "I have a little money due me that I have been trying to collect for the last four months and the last time I talked to the party they thought that about the middle of March to the first of April they would be able to pay me off. I'll contact them right away and see if there isn't some way that they can expedite their paying me what I have coming. The amount isn't enough to clear me up with you but every little bit will help and I do my best to try and borrow some some place to make up the difference." Also he said: "I am telling you just how things are without any frills attached but I also want you to know that I will get in behind this thing and will do everything to see you through."

The letter of July 1, 1945, reads as follows: "Dear Charlie: Have been gone for about two weeks, just returned yesterday and found your letter of June 12th.

"Things are beginning to pick up in so far as I am concerned and it probably won't be so long until I will be able to help out.

"We expect to have a new contract signed up within the next few weeks and also I have another deal on the outside that looks like it may go over. It requires quite a bit of financing but I have some wealthy men who told me they would handle that part of it and so expect them to get on the dotted line within the next ten days.

"Their attorney has been instructed to draw the papers and check the title. It is a deal on coal.

"Don't think it will be too long and all I can say is that as quick as I get any part of it I will send it along to you."

We think these letters clearly constitute an express acknowledgment of the validity of debt due on the demand note and, by inference at least, a promise to pay same. They, therefore, had the effect of tolling the statute, constituting a new promise to pay from their respective dates, and the action having been brought within five years from either date was not barred and the court correctly so held.

Some courts hold there is a distinction between a new promise made before the statute has run and one made after the bar has attached, and that it requires less evidence to create a promise to extend or toll the statute than when the debt is barred. 34 Am. Jur. § 293. Our court seems to follow the general rule that no such distinction is to be made. We held in the recent case of *Root* v. *Thomas,* 203 Ark. 1078, 160 S. W. 2d 46, to quote headnote 2, that: "In order for an acknowledgment of a debt to be sufficient to extend the time for filing an action upon the indebtedness, there must be an unconditional promise to pay or the circumstances must be such that such a promise can be inferred from the writing itself, and the unconditional promise to pay must be made by the parties from whom the debt is due to the parties to whom the debt is due, or to his or her authorized agent." See, also, cases there cited. In *Street*

*Imp. Dist. No. 113 of Hot Springs* v. *Mooney,* 203 Ark. 745, 158 S. W. 2d 661, we held that, ''if by fair construction, the writing constitutes an admission that the claim is a subsisting debt, and if the acknowledgment is unaccompanied by any circumstances repelling a presumption that the party intended to pay,'' the acknowledgment is sufficient to toll the statute.

Appellant did not deny his debt to appellee in either of said letters and there is nothing therein to repel a presumption that he intended to pay.

The judgment is correct and is affirmed.

Holt, J., not participating.