NEWYORK,
October, 1816.

ALDER
v.
GRINER.

ALDER *against* GRINER.

THIS was an action of covenant, which was tried at the *New-York* sittings, in *April*, 1816, before his honour the chief justice.

The declaration set forth articles of agreement, made the 30th of *April*, 1810, between the plaintiff and defendant, by which the latter agreed to work for the plaintiff as a glass-man ; and the breach was, that the defendant would not work for the plaintiff, according to the articles of agreement. A *venue* was laid in the margin of the declaration, to wit, " city and county of *New-York ;*" but there was no *venue* stated in the body of it. At the trial, the plaintiff gave in evidence the articles of agreement upon which the action was founded, bearing date the 30th of *April*, 1810, and which concluded thus : " Done in *Boston*, in the day and year above mentioned." The counsel for the defendant then moved for a nonsuit, on the ground of a variance between the instrument declared upon and that given in evidence ; as the one must be intended to have been executed in the city and county of *New-York*, and the latter appeared, on the face of it, to have been executed in *Boston*. The cause, however, was permitted to go to the jury, who found a verdict for the plaintiff.

A motion was made to set aside the verdict, and for a new trial.

C. *M. Lee*, for the defendant, contended, that no *venue* being stated in the body of the declaration, the *place* of the contract must be referred to that given in the margin,* which is *New-York ;* and no contract, under this declaration, can be given in evidence, but one dated in *New-York.*† But the instrument offered in evidence, in this case, was dated at *Boston ;* there was, therefore, a fatal variance.

T. *A. Emmett*, contra, insisted, that the averment of the place was not necessary to give jurisdiction, for it could not be traversed. The declaration contains no averment that the contract was made in *New-York*, and its appearing to have been

*Where, in a declaration upon an instrument in writing, no venue is stated in the body of the declaration, but only in the margin, and no place is alleged at which the instrument was executed, it is no variance if the instrument produced in evidence bears date at a different place from that in which the venue is laid.*

*It seems, that it would have been otherwise, had a plea been stated in the body of the declaration.*

\* 1 *Chitty*, *Pl.* 279. 9 *Johns. Rep.* 81.

† 1 *Chitty Pl.* 280. 283. 2 *Wills.* 399. *Cro. Jack.* 96. 1 *Comp.* 177. 2 Ld. *Raym.* 1040. 10 *Mod* 255.

NEW YORK,
October, 1816.

ALPER
v.
GRINER.
# 3 Term. Rep.
387.

made in *Boston* is no variance. Reference is made to the margin to help a defect of *venue* in the body of the declaration; such reference is never made to injure the plaintiff.[*] The case, then, stands precisely as if no *venue* at all was stated, and this is a defect which can only be taken advantage of on a special demurrer. Had it been averred that *Boston* was in *New-York*, the court would not have allowed it to be traversed or contradicted. Then why not intend, when nothing is said, that *Boston* is *New-York?*

SPENCER, J., delivered the opinion of the court. The instrument given in evidence is dated at *Boston*, and there is no *venue* in the body of the declaration; in the margin there are the words, "city and county of *New-York.*"

The rule as to *venues* is, that when a transitory matter has occurred abroad, it may, in general, be stated to have occurred in an *English* county, without noticing the place where it really happened; but if the real place abroad be stated, which is necessary when the instrument declared on bears date there, it should be shown under a *scilicet*, that it happened in an *English* county. The reason and effect of this rule is given by Lord *Mansfield*, in *Fabrigas* v. *Mostyn*, (*Cowp.* 176,) thus, "if a declaration state a specialty to have been made at *Westminster*, in *Middlesex*, and on producing the deed, it bears date in *Bengal*, the action is gone, because it is such a variance between the deed and the declaration as makes it appear to be a different instrument."

After a trial, a bad *venue*, or the want of one, is cured by the statute of *jeofails*; and the *venue* in the margin will help, but not hurt, (3 *Term Rep.* 387.)

Had the declaration, in this case, stated the deed to have been made at *New-York*, we should, probably, have been bound by authority, whatever may have been our private opinions as to the wisdom of the rule, to set aside the verdict on the ground of variance; but it is not alleged that the deed was executed in *New-York*; the words in the margin are not such a direct averment of the fact as to produce a variance; the place stated in the margin is intended for the *venue*, or place from whence the jury are to come, but not as a matter of local description of the execution of the deed, (11 *East*, 118.)

Motion denied.