Nov. Term, 1837.

REAGAN v. MAZE.

---

## REAGAN and Others *v.* MAZE.

*Held*, that a promissory note dated at *Union* county, *State of Indiana*, might be declared on in another county, without noticing the words *State of Indiana*.

*Held*, also, that the declaration in such case need not state the place at which the note is dated.

*Monday, November 27.*

APPEAL from the *Fayette* Circuit Court.

BLACKFORD, J.—*Maze* brought an action of debt against *Reagan* and others on a promissory note. The declaration commences as follows:—State of *Indiana*, *Fayette* Circuit Court, *March* term, 1837, to wit: *David Maze* complains, &c. For that whereas heretofore, to wit, on the 9th of *November*, 1836, at *Union* county, to wit, at the county of *Fayette* aforesaid, the said *Joseph Reagan*, *Absalom Sutton*, and *Meredith Helm*, by the style, name, and description of *M. Helm*, made their certain promissory note in writing, &c. The note, which was read on *oyer*, commences in these words:—" *Union* county, *State of Indiana*, *November* 9th, 1836, on or before," &c. And it is signed—"*Joseph Reagan*, *Absalom Sutton*, *M. Helm*."

The defendants demurred to the declaration, on the ground of a variance between the note described in the declaration and the one read on *oyer*; and the Court gave judgment, on the demurrer, in favour of the plaintiff.

The first variance alleged is, that the declaration, in stating the place where the note was executed, omits the words *State of Indiana,* which are in the note. The variance here pointed out is not material. It is not necessary, in an action on a promissory note dated at a particular place, to state the place of its date in the declaration. This point is expressly decided in *Houriet* v. *Morris,* 3 Campb. Rep. 303.

The defendant relies on the *English* practice in the case of specialties. And it is no doubt true, that, until the recent rule in pleading of 4 Will. 4, the *English* practice in actions on specialties was, to state the place of the date in the declaration, whenever such place was shown by the bond. *Mostyn* v. *Fabrigas,* Cowp. Rep. 177. That practice, however, let the reason for it be what it may, was confined to declarations on specialties; and it is now changed in *England* even as to them. There is not at present, in *England,* according to the new rule of pleading to which we have referred, any venue whatever inserted in the body of the declaration in any cause, except where, as in trespass *quare clausum fregit,* a local description is required. 3 Chitt. Gen. Pr. 470.

The other alleged variance relates to the signatures of the defendants to the note. The declaration might have been more explicit on this subject, but still there is no ground in this part of the case for a demurrer.

*Per Curiam.*—The judgment is affirmed with 5 *per cent.* damages and costs. To be certified, &c.

*S. W. Parker,* for the appellants.

*C. B. Smith,* for the appellee.

