## Case No. 4,061.

### DRAKE v. FISHER.

[2 McLean, 69.][1]

·Circuit Court, D. Indiana. May Term, 1840.

PLEADING—VARIANCE—SURPLUSAGE—DECLARATION ON NOTE.

1. A note dated at Cincinnati, and described in the declaration as dated at Cincinnati, in the state of Ohio, is admissible in evidence; especially where the fact is proved, or admitted, that Cincinnati is in the state of Ohio.

2. The contract being transitory, and the place where it was made having no effect upon its ·construction, the words, "in the state of Ohio," may be rejected as surplusage, and need not be proved.

3. It is sufficient to describe the note in terms, ·or according to its legal effect.

Mr. Eggleston, for plaintiff.
Mr. Brice, for defendant.

OPINION OF THE COURT. This action is brought [by Josiah Drake against Elwood Fisher] on several promissory notes, and an objection is made to the introduction of one of the notes in evidence, on the ground that it is not described according to its tenor, or legal effect, in the declaration. The note is dated at Cincinnati, 12 m. 1., 1837, and the ·declaration describes it as a note given at ·Cincinnati, in the state of Ohio, to wit: At Indianapolis, in the state of Indiana. And the plaintiff offered to prove that Cincinnati ·is in the state of Ohio, as alledged in the declaration. This, however, was not done until the objection was made by the defend-:ant's counsel, but the truth of the allegation

[1] [Reported by Hon. John McLean, Circuit Justice.]

is not controverted. Several authorities are cited by the defendant's counsel in support of his objection. In the case of Kearney v. King, 2 Barn. & Ald. 301, the declaration stated the note was given at Dublin, to wit: At Westminster, &c.; and at the trial it appeared that the bill was drawn at Dublin, in Ireland. And the court held there was a fatal variance between the proof and the declaration, and a judgment of nonsuit was entered. This variance was material, as the bill being given in Ireland was payable in ·Irish currency, which was less valuable than English currency, in which it appeared from the declaration, the bill was payable.

Mr. Justice Bayley said: "The court must see upon the face of the record that the bill was drawn in Ireland, and it can not take notice judicially, that a bill drawn at Dublin, is drawn at Dublin, in Ireland. The instrument, it is said, is set out in the same words and letters as the bill produced. But that is not enough; for it must be set out the same in substance and in legal operation, which is not done here. The bill, in the declaration, appears to be for English money, when it is, in fact, for Irish." This authority goes rather to sustain the declaration, as it shows the propriety, and, indeed, necessity in certain cases, where an instrument is dated at a particular place, to alledge in the declaration in what state or country such place is situated. This has been held necessary, it seems, in case of specialties: Cowper, 177, Lord Mansfield says, if the declaration states a specialty to have been made at Westminster, in Middlesex, and, upon producing the deed, it bears date at Bengal, the action is gone, because it is such a variance between the deed and the declaration as makes it appear to be a different instrument. In the case of Alder v. Griner. 13 Johns. 449, where the venue was laid in the margin of the declaration, to wit: "City and county of New York;" and, at the conclusion of the instrument, it was stated to be "done in Boston, in the day and year above mentioned," the court held that the variance was not fatal. They say, had the declaration averred the deed to have been made at New York, they would, probably, have been bound by authority, whatever may have been their private opinions as to the wisdom of the rule, to set aside the verdict on the ground of variance. In the case of Munroe v. Cooper, 5 Pick. 412, the note was described in the declaration as dated at Concord, whereas, on its face, it was dated at Boston. The judge, at the trial, admitted the note, though objected to; and the supreme court say, "As to the supposed variance, it has been usual, certainly, in cases like the present, to set out the true date of the note, both as to place and time, and to lay the venue under the form of a videlicet, and that this was the correct mode of declaring." But the point raised was not

decided. To the same effect is the case in 16 Pick. 381. In the case of Houriet v. Morris, 3 Camp. 303, it was objected that there was a fatal variance, the declaration having stated that the notes were made in London, whereas, in fact, they appeared, on the face of them, to have been made in Paris. And, it was insisted, that the constant course is, in declaring on foreign bills, to state that they were drawn at the place where they bear date, adding the venue under a videlicet. Lord Ellenborough said, the contract, evidenced by a promissory note, is transitory, and the place where it purports to be made is immaterial. And that he saw no reason why it might not be stated that the note was made in the parish of St. Mary Le Bow, in the ward of Cheap, though dated at Paris, in the same manner as if it had been dated at York. And in the case of Reagan v. Maze, 4 Blackf. 344, it was held, that a promissory note, dated at Union county, state of Indiana, might be declared on in another county, without noticing the words, "state of Indiana." The court say that this variance is not material.

Now, the objection in the present case is, not that the declaration does not state the place at which the note was given, but that it alledges that such place is in the state of Ohio. Under the strictest rules of pleading, which have, at any time, been observed, this allegation could only require to be proved. And this the plaintiff offered to do, as we think, in time for the proof to be received. But the case has been argued without reference to such proof. There are many cases in which it is material to alledge the place of the contract, as where it is materially affected by the local law, in regard to interest, currency, &c. But where this is not the case, and the action is transitory, no reason is perceived for stating in the declaration the place of the contract. The contract, or note, need not be described in its very words, but may be stated in the declaration according to its legal effect. And if the place where the note was made can have no influence on its legal effect, why should it be averred? In such a case the place is not traversable, and, if not traversable, need it be averred or proved? There are some things which may be omitted, but which, if stated, must be proved. And the rule, in this regard, is laid down by Mr. Chitty to be, "that if the whole of the statement may be struck out, without destroying the plaintiff's right of action, it is not necessary to prove it; but, otherwise, if the whole can not be struck out, without getting rid of a part essential to the cause of action." The supreme court, in the case of Ferguson v. Harwood, 7 Cranch [11 U. S.] 408, decided that a variance is immaterial when it does not change the nature of the contract, which must receive the same legal construction, whether the words be in or out of the declaration. Now, whether this note was made at Cincinnati, in the state of Ohio, or at Cincinnati, in some other state, is immaterial. It has no effect in the construction of the note, or on its legal operation.

By the rules of practice lately adopted in England (4 Wm. IV.) the venue is required to be stated in the margin, and not in the body of the declaration. And this would seem to render unnecessary any allegation of the place where the contract was made under a videlicet, within "the county from which the jury was to come," even in actions on specialties. If the place, however, where the contract was made, be alledged as matter of description, and not as venue, it must, in all cases, be stated truly, and according to the fact, under peril of variance, if the matter should be brought into issue. Steph. Pl. 291. But this issue can be raised only in cases where the law of the place has a material bearing on the contract. This declaration would have been good if the words, "in the state of Ohio," had been omitted; and if these words were stricken out, it would not destroy the plaintiff's right of action. They may then be considered as surplusage, and need not be proved. By the late change the rules of pleading in England have been simplified and improved, and we are more disposed to adopt the improvements, than to follow antiquated precedents, and unmeaning technicalities. In the case of Covington v. Comstock, 14 Pet. [39 U. S.] 43, the note purported to be set out in the declaration according to its tenor, and it was stated to have been made payable generally, but on its face it was payable at a particular place; the court held this was a fatal variance, and the judgment of the circuit court, on this ground, was reversed. And there can be no doubt that strictness is required where the plaintiff purports to set forth the note in terms. Upon the whole, we think, that whether we regard the proof offered, or the words objected to, as surplusage, the objection must be overruled.