## SWINNEY ET AL. VS. BURNSIDE & CO.

The allegation, in the body of a declaration upon a promissory note, that the defendants "at New Orleans, to wit: at the City of New Orleans, in the State of Louisiana, made their promissory note in writing," &c., is immaterial, not traversable, and may be treated as surplusage. The venue in the margin, if necessary at all, is sufficient.

It is sufficient, in a declaration upon a promissory note signed by the defendants, by their firm name, to allege that they made the note without stating that they were partners, or setting forth in the body of the declaration, the manner or style in which they executed the note.

*Appeal from the Circuit Court of Scott County.*

The Hon. FELIX I. BATSON, Circuit Judge.

THOMASSON, for the appellant.

STILLWELL, for the appellees.

Mr. Chief Justice ENGLISH delivered the opinion of the Court.

Burnside & Co, brought an action of debt in the Scott Circuit Court, against Swinney and Tumlinson, on a promissory note. The defendants craved oyer of the note sued on, which was granted, the record states, by filing the original; and they demurred to the declaration: the court overruled the demurrer, and they permitted final judgment to be rendered thereon, and appealed to this court.

One of the causes assigned for the demurrer, is an alleged variance between the note declared on, and that granted on oyer, in this, that the declaration described the note as payable to the plaintiffs, and the note granted on oyer is payable to the *order of* plaintiffs. The note filed on oyer does not appear in the transcript

before us ; and we are, therefore, unable to determine whether the alleged variance existed or not, saying nothing of its materiality.

The next cause of demurrer questions the sufficiency of the venue as alleged. After the usual commencement in debt, the declaration proceeds thus : "For that, whereas, the said defendants, &c., heretofore, *to wit*, on, &c., at New Orleans, *to wit :* at the City of New Orleans, in the State of Louisiana, made their certain promissory note in writing, &c. The venue of the action (Scott county) is in the margin, but not laid in the body of the declaration.

In *Pullen vs. Chase*, 4 *Ark. Rep.* 210, this court held, that in transitory actions upon contracts, it was not necessary to state the venue in the body of the declaration.

The statement that the note was made in New Orleans, was perhaps designed, by the pleader, as descriptive of the instrument.

It has been held that where a bond, bill or note is dated at a place in a foreign country or State, the declaration must set out the place where it was made, and then allege the venue of the action under a *videlicit*, as at New Orleans, *to wit :* in the county of Scott. 1 *Chit. Pl.* 280, 281 ; *Gould Plead.*, chap. 3, sec. 160; *Alden vs. Griner*, 13 *John. Rep.* 449; *Fairfield vs. Adams*, 16 *Pick.* 381. But in the case of *Lemon et al. vs. Hill ad.*, 2 *Eng. Rep.* 73, this court cited, with approbation, the case *Houreit et al. vs. Morris*, 3 *Camp.*, in which Lord ELLENBOROUGH held that it was unnecesaary to state the place where the instrument was made. See, also, *Chitty on Bills, p.* 564; *Payne vs. Britton's ex.*, 6 *Randolph* 101.

In the case last cited, the court said : "In England, the venue is material as serving for a direction as to what county the issue, if any, should be made up, is to be sent for trial ; but even there, it is of such little consequence that the *venue* generally determined by the name of the county written in the margin of the declaration, as with us, if it be wrong, does not hurt ; and if it be right, helps ; as if the *venue* in the margin be wrong, and that

in the body of the declaration be right, or *vice versa.* With us, it is of no consequence whatever, in transitory actions, as I believe all personal actions are. For, upon a declaration filed in the court of Faquier, stating the contract to be made in Culpepper, the court of Faquier, is the proper tribunal to try it," &c.

We think the allegation in this case, that the note was made in New Orleans, was immaterial, not traversable, and may be treated as surplusage.

The place where the instrument is made, may be matter of substance in some cases, as upon a foreign bill or note, where the plaintiff seeks to recover damages, or a rate of interest different from that allowed by the law of the forum, &c. But not otherwise.

The third and last ground of demurrer is, that the defendants are not sued as partners, and yet the declaration alleges that they executed the note "by and under the name, style and firm of Swinney & Tulinson."

In the commence of the declaration, the plaintiffs "complain of James M. M. Swinney and Wiley A. Tulinson, defendants herein, that they render unto them, the said plaintiffs, the sum of," &c., and then in setting out the cause of action, the declaration describes the note as having been executed by the defendants, as above stated.

It was not necessary to state in the commencement of the declaration, that the defendants were partners, or to set forth in the body of the declaration, the manner or style in which they executed the note, though it is usual in declaring against partners to do both. It would have been sufficient, it seems, to have alleged simply that the defendants made the note. *Mack vs. Spencer,* 4 *Wend.* 412; *Peas vs. Morgan,* 7 *John. Rep.* 468; *Jones vs. Mars et al.,* 2 *Camp.* 305; *Vallett et al. vs. Parker,* 6 *Wend.* 615; *Nutt vs. Hunt,* 4 *Sm. & Marsh.* 702; *Goelet vs. McKinstry,* 1 *John. Cases* 405.

The declaration was substantially good, and the judgement of the court below is affirmed.