## Kent vs. Wells et al.

Upon a joint and several contract executed by a partnership firm, the payee may sue all or any of the partners; and it is no defence to the action that one of the members of the firm is not sued.

In a suit against one or more of several partners, the allegation in the declaration, that they were late partners, is not a material matter: nor is it material to state that there was another member of the firm not sued.

*Writ of Error to Drew Circuit Court.*

Hon. John C. Murray, Circuit Judge.

Harrison, for the plaintiff.

By our statute joint obligations and contracts are to be construed to have the same effect as joint and *several* obligations; and may be sued on and recoveries had thereon in like manner. *Gould's Dig.*, ch. 94, sec. 3; ch. 133, sec. 65; 19 *Ark.* 701; 6 *Eng.* 320. The demurrer to the plea should, therefore, have been overruled.

Winter, for the defendant, contended that the court did not err in overruling the demurrer to the plea, and referred to *Rice vs. Shute,* 5 *Bur.* 2611; 1 *Peter* 311; 3 *Har. & J.* 73; 2 *Har. & Gill* 274; that the plaintiff, in setting out the contract in his declaration, was bound to set out the names of all the obligors —those not sued as well as those made party defendants. 2 *Ch. Pl.* 116; 1 *Eng.* 196; 19 *Ark.* 702.

Mr. Chief Justice English delivered the opinion of the Court.

The declaration in this case commenced thus:

"Henry Kent, plaintiff, by attorney, complains of William H. Wells, Stephen Gaster and Charles W. Millerd, late partners in

trade, under the firm name and style of W. H. Wells & Co., defendants," &c., and contained two counts, one upon a note alleged to have been made by the defendants, without stating the manner of its execution: whether by the firm name, or otherwise; the other upon an account stated.

The defendants interposed a plea in abatement: that no such partnership as William H. Wells, Stephen Gaster and Charles W. Millerd, under the name and style of W. H. Wells & Co., ever existed, and as such partners they never executed the note sued on, but that the defendants and one Alexander B. Hale constituted the partnership firm of W. H. Wells & Co., and, as such last mentioned partnership, they executed the note sued on.

The plaintiff demurred to the plea, the court overruled the demurrer, and he rested, permitted final judgment to be given, and brought error.

The contract declared on being joint and several, the plaintiff, under the statute, had the right to sue part, or all of the partners, at his election. The substance of the plea in abatement is, that one of the partners and makers of the note was not sued. This was no defence to the action. The declaration alleges that the defendants made the note, and this was the material matter to be answered. The allegation in the commencement of the declaration, that they were late partners, was not a material matter, (*Swinney et al. vs. Burnside & Co.* 17 *Ark.* 38); nor was it material to state in the declaration that there was another member of the firm, and maker of the note, who was not sued. *Hicks et al. vs. Branton et al., M. S. S.*

The judgment must be reversed, and the cause remanded, with instructions to the court below to sustain the demurrer to the plea in abatement, etc.