HIRAM HAWLEY v. R. T. HURD AND C. F. CLARK.

*Release. Discharge of Suit. Consideration. Partnership note, manner of declaring on. Compromise. Pleadings.*

1. The defendant pleaded that the plaintiff in writing released and dis-discharged his suit after it was brought; and the plaintiff replied that there was no consideration for the release. The court below found that the parties attempted to compromise on the defendant's agreement to pay 25 per cent of the plaintiff's claims, also $125 in addition, and to put the $125, in the hands of a third party; that nothing was paid, that the compromise "fell through," and rendered judgment for the plaintiff. *Held,* that there was no consideration for the release.

2. Partners, as a general rule, may be declared against as other joint contractors, only care must be taken that all the causes of action be stated to be joint; thus the plaintiff brought his action without alleging that the defendants were partners, declaring specially on a promissory note, with the common counts; *it was held,* that he could recover not only on the note declared on, but also, under the common counts, on another note signed by the firm name and by one of the partners.

ASSUMPSIT upon two promissory notes—one dated March 23d, 1875, given for $1,000 and signed, "R. T. Hurd, C. F. Clark"; the other dated July 26th, 1875, given for $800 and signed, "R. T. Hurd & Co., R. T. Hurd." Pleas, the general issue, release and discharge of suit; replication, that there was no consideration for the release. Trial by court, December Term, 1883, VEAZEY, J., presiding. Judgment for plaintiff on both notes.

The firm of R. T. Hurd & Co. consisted of these defendants, who were co-partners in trade when these notes were given. June 25th, 1880, the plaintiff took out two writs returnable to the December Term following—one writ against the said R. T. Hurd, declaring upon the $800 note, and in the common counts in assumpsit; the other was the writ in this suit, and ran against both these defendants, Hurd and Clark, declaring on the said $1,000, note, and in the common counts, as follows:

"By the authority of the State, etc., * * * to attach * * * estate of Reuben T. Hurd of Arlington * * * and C. F. Clark * * * to the value of, etc., * * * To

answer to Hiram Hawley, etc., in a plea of the case for that the said Reuben T. Hurd and C. F. Clark   *   *   *   on the 23d day of March, 1875, by their note under their hands of that date for value received, promised the plaintiff to pay him or order, one day after date, the sum of one thousand dollars with use. And also in a plea of the case"—common counts in assumpsit.

Said writs were served on the next day after their date, by attaching all the real estate of the defendant Hurd in the town of Arlington, and certain personal property, by copies left at the town clerk's office. About the same time several other suits were brought against said Hurd, and against said Hurd and Clark, and were served in like manner.

About the 21st of August, 1880, the said Hurd tried to compromise with some of his creditors, including this plaintiff; and negotiations were entered into with a view of having this plaintiff and others take a percentage of their respective claims. Hurd had a great many creditors, but how many had brought suits did not appear. The plaintiff understood from what Hurd and some others told him that they would take a percentage and discontinue their suits if he would. A proposition was made to him to pay him twenty-five per cent and $125 in addition. He held the proposition over night for consideration, and the next day he signed a compromise paper which had been signed the day before by other creditors, proposing to pay 25 per cent. This case was defended on the trial by said Hurd only. Said compromise paper was in the hands of his (Hurd's) counsel; but they did not put the same in evidence, and it did not appear what its contents were or who signed it other than as above stated. The plaintiff testified that the agreement with him was to pay him 25 per cent of his claim and $125 in addition, making in all $500, and he understood the $125 was a bonus over what some creditors were to receive. It appeared that one other creditor was to have, and was paid, a bonus; and that some creditors did not sign any compromise. The suits in favor of the other creditors were discontinued. On said 21st day of August the plaintiff discontinued said writ in his favor against said Hurd alone, and a memorandum of the discontinuance was entered on the back thereof. On the same day the plaintiff signed the paper hereto appended, and marked "Exhibit 7." And about the same time the plaintiff received a paper from the defendant Clark, now lost, saying that the discontinuance or compromise with Hurd should not effect the attachment on his (Clark's) property. The compromise fell through, and Hurd

paid the plaintiff nothing; and the latter has never received anything on his claim since his suit was brought, and received nothing for signing "exhibit 7." Nothing on the compromise paper which the plaintiff signed showed that he was to receive more than 25 per cent, and, so far as he knew, the other creditors did not know of it. Neither did he know of any special arrangement of Hurd with any other creditors. The plaintiff obtained said paper from Clark so that his discontinuance as to Hurd might not affect his attachment as against Clark, and it was given to the plaintiff in pursuance of the arrangement about said discontinuance. The plaintiff would not agree to discontinue until Hurd agreed to put $125 into the hands of one Young for him, but Hurd did not pay it. He disappeared in November following, and was not present to testify at the trial.

Upon the foregoing facts the court rendered judgment for the plaintiff to recover the balance due on said notes, to which the defendant Hurd excepted.

The defendant objected to the admission of the $800 note, claiming that recovery could not be had under this declaration; but it was admitted by the court.

The defendant pleaded at the June Term, 1881, " that after the making of the said several supposed promises and undertakings in said declaration mentioned, and after the bringing of this suit and serving the same on the property of this defendant, to wit; on the 21st day of August, 1880, the said Hiram Hawley by his certain writing of that date, and now shown in court, signed by him, and for a good consideration, did then release and discontinue and discharge said suit as to said Reuben T. Hurd."

The plaintiff, in effect, claimed in his replication that there was no consideration for the supposed release and discharge.

EXHIBIT 7.

"HIRAM HAWLEY \
   vs. \
REUBEN T. HURD \
 and C. F. CLARK. } Writ dated June 25, 1880, signed by L. D. Coy, Justice of the Peace, returnable before County Court, next to be holden at Bennington, within and for the County of Bennington, on the first Tuesday of December, A. D. 1880.

MINER & FENN, Attorneys.

I hereby release and discharge any and all liens upon or interest in any and all of the real estate and personal property of Reuben T. Hurd, which I have acquired and hold by virtue of having attached or caused to be attached said property of said

Hawley *v.* Hurd and Clark.

Hurd, on the writ in the above entitled cause, and I release said property from my said attachment, and discontinue said suit as to said Hurd.

Arlington, August 21, 1880." (Signed.)

*Batchelder & Barber* and *J. L. Martin,* for the defendant Hurd.

The plaintiff has discontinued only one of his suits, and now wishes to prosecute the other, after his agreement to discontinue, and seeks to recover therein the amount for which both suits were brought. The mutual agreement to discontinue their several suits between the plaintiff and the other creditors is a sufficient consideration to oblige him to do so. *Missisquoi Bank* v. *Sabin,* 48 Vt. 239; *Loomis* v. *Wainwright,* 21 Vt. 520; *Bank of Bellows Falls* v. *Deming,* 17 Vt. 367. Signing the compromise paper under the circumstances detailed in the exception, the plaintiff is bound by it. *Loomis* v. *Wainright, supra;* *Bowen* v. *Holly,* 38 Vt. 578; *Cobleigh* v. *Pierce,* 32 Vt. 788.

It is evident that the plaintiff supposed he had, and at that time he intended to discontinue both suits as to this defendant. One he discontinued by endorsement on the back of the original writ; the other by a special notice for that purpose. In it, he does not say, "I agree to discontinue when certain conditions have been complied with, but I discontinue *now,*" in the present tense. He insisted that Hurd *agreed* to pay him $125 before he would agree to discontinue. The understanding was not that the money should be paid *before* the suit was discontinued. If so, why the discontinuance made as it was? why delivered as it was? and why the writing obtained from Clark that the discontinuance as to the defendant should not release the plaintiff on his, Clark's property?

The writ is defective in that it did not allege that the defendants were partners. *Lewis* v. *Locke,* 41 Vt. 11.

*Miner & Fenn* and *L. Munson,* for the plaintiff.

This suit suit is between Hiram Hawley and R. T. Hurd, and no one else. No subsequent attaching creditor appears, if there were any, and C. F. Clark does not appear and defend.

Hawley v. Hurd and Clark.

The only question raised by the pleadings and for the County Court to try, was whether there was any consideration for the release.

The paper bears no consideration on its face; it is not even for value received; and the court found the fact that there was no consideration, or judgment would have been for Hurd.

The attempted compromise had nothing to do with the case.

There is nothing in the pleadings about any compromise. This matter could not be shown under the general issue. The other plea recites the paper marked "exhibit 7," and nothing else. It could not come in under that plea.

The opinion of the court was delivered by

Rowell, J. It is clear from the facts certified up that there was no consideration for the said supposed release. The compromise "fell through," and plaintiff has never received anything for signing said release. The composition deed was not put in evidence, nor its contents shown. Mr. Martin argues that if Hurd paid other creditors a percentage on the faith of plaintiff's promise to compromise, it would constitute a consideration for said release; and this might be so; but the case does not show that Hurd did that, so the argument falls.

The note for $800 was admissible under the general counts. There is nothing peculiar relating to the form of declaring against partners, except that care must be taken that all the causes of action be stated to be joint. 2 Saund. Pl. & Ev. [*708]. They may, as a general rule, be declared against as you declare against other joint contractors. In *Maynard* v. *Fellows*, 43 N. H. 255, it is held not to be necessary to declare upon a partnership note as such, unless its form is such as to render it necessary in order to avoid a variance. So in *Vallett* v. *Parker*, 6 Wend. 615, where a promissory note was declared upon as *made by the defendants*, not naming them as partners, proof that it was signed by one of a firm in the partnership name was held to support the declaration.

Judgment affirmed.