Smith, P. J.
The complaint alleges that on 10th December, 1885, the defendants James Thornton and Horace GK Dobbins made their promissory note, whereby, by the name of Thornton and Dobbins, for value received, they promised to pay to the order, of Alfred S. Brown, $500, two months after date, at the First National Bank, Wellsville, with use, and delivered the same to the payee, who endorsed it to the plaintiff, and for value waived notice of protest; that when the note became due it was duly presented at said bank for payment, and payment was then and there demanded and refused. The suit is against the makers and the endorser.
The defendants demur jointly and severally, on the ground that the complaint does not state facts sufficient to constitute a cause of action.
The points on which the contention rests, that a cause of action is not stated against the makers, are first, that it is not alleged that they are partners, or that the name “ Thornton & Dobbins ” is a firm or other name authorized by the defendants; and secondly, that title in the plaintiff is not alleged, the averment that the note was endorsed to him by the payee, not being sufficient without an allegation that it was also delivered.
These positions are clearly frivolous. The allegations that the defendants made the note in the name designated, sufficiently connects them with the instrument, to make them liable upon it, and it is immaterial whether they were partners, or whether the name adopted by them represented a firm. The averment that the note was endorsed by the payee to the plaintiff imports a delivery. Bank of Lowville v. Edwards, 11 How. Pr., 216; 1 Abb. Pr. and Plead., 228-9, notes f. and g., and cases there cited.
As to the cause of action against the endorser, protest was unnecessary, he having waived notice thereof, and being the only endorser. The averments of presentment for payment, demand and refusal were enough to charge him, he having waived notice of protest, and a formal protest would have been an unnecessary act. Indeed, it may be questioned whether a formal protest, in addition to demand of payment, refusal and notice is necessary in any case, to change an endorser. Coddington v. Davis, 1 Comst., 186.
The point is made that the plaintiff’s motion was unau *602 thorized. The notice of motion was a five days notice It was an “order overruling the demurrer herein as frivolous, and for judgment thereon, and for such other and furthei relief as may be just.” It is now contended that eight days notice should have been given. Section 537 of the Code provides that if a demurrer is frivolous, the party preju dicial thereby, upon a notice of not less than five days, may apply to the court for judgment thereupon, and ]udg ment may be given accordingly. We think the notice was sufficient to indicate that relief was intended to be asked for under the section cited, and that the order made was authorized thereby and regular.
The ordered should be affirmed, with ten dollars costs and disbursements.
Haight and Bradley, JJ., concur.