## CHARLES HOWARD v. WOODWARD, FAXON & CO.

1. PARTNERSHIP—*Petition—Parties—Pleadings.* Where a petition alleges in general terms that two persons are liable for the price of goods purchased by them, and the answer of one is a general denial, without any attack upon the petition that the facts as to the joint liability were not fully and definitely stated, the admission of proof showing that the joint liability arose through a partnership of the parties is not material error.

2. ——— *Incompetent Evidence.* In an action involving the issue of partnership, the declarations of one person that another is his partner are incompetent evidence against the latter to charge him as a partner. (*Johnston v. Clements*, 25 Kas. 376.)

*Error from Ellis District Court.*

ACTION by *Woodward, Faxon & Co.* against *Howard* and another. At the September term, 1889, the plaintiffs had judgment, and the defendant *Howard* comes to this court. The opinion states the facts.

*Waters & Waters,* for plaintiff in error:

There was no competent evidence whatever introduced or heard that established a partnership between Dixon and Howard, and the court bases its judgment on the theory that they were partners, and in fact so finds. Dixon and Howard were sued on a joint debt, and not for a partnership debt. The partnership was not in issue, but the court permitted incompetent testimony to be introduced to establish such partnership, when we think that all proof of partnership should have been excluded, and the proof limited to the issues of a joint debt, jointly contracted, which was not done.

The court, over the objection of Howard that it was incompetent, permitted a written statement made by Dixon to be introduced, in which he declares Howard was a partner—Howard not being present, not signing it, and having no knowledge that it was ever made. Howard objected to its introduction because it was incompetent. This, we think, must be confessed as a gross error.

And this same error, over the same objection, was twice repeated after this, by the introduction of the written communications of Dixon, in which he asserted Howard was a partner, but of which the record does not disclose Howard had any knowledge, until produced at the trial.

The court below committed substantial error when it permitted Mellon's deposition to be read. There was nothing in the letter, nor in paying the account by Howard, that established or went to establish a partnership between Dixon and Howard. The witness declares himself that this account was for goods sold Dixon.

The opinion of the court was delivered by

JOHNSTON, J.: Woodward, Faxon & Co. brought an action against C. L. Dixon and Charles Howard to recover $403.50 for drugs alleged to have been purchased by them. The petition averred that the goods were sold to Dixon and Howard and that they were jointly liable for their price. Dixon was not served and did not appear or answer, but Howard answered by a general denial. Over objections, testimony was offered to show that a partnership existed between Dixon and Howard, and, although it was denied by Howard, the court specially found that they were partners, and upon this testimony and finding Howard was adjudged to be liable for the debt.

It is first contended that, as no mention was made of a partnership in the petition, no proof showing its existence was admissible. A joint liability was alleged, but how it arose was not stated, as good pleading required. No attack, however, was made upon the petition that the facts respecting the joint liability were not fully and definitely pleaded. In the absence of such an attack, proof that the joint liability arose by reason of the partnership between them was admissible.

A more serious question arose as to the character of the proof offered to establish the partnership. Its existence was the principal contention between the parties. The business was conducted in the name of C. L. Dixon, and, while there was much proof tending to show the partnership, Howard positively denied that he had any interest in the business, or connection with him except as a creditor. Over the objection of Howard, the court admitted in evidence written statements and declarations made by Dixon to the effect that Howard was a partner. They were not signed by Howard, nor claimed to have been made in his presence, nor was it shown that he ever had any knowledge that they were made. One of these was a letter signed by Dixon, which contained a positive declaration that Howard was a half owner in the store with him, and another was a credit statement, filed and

in the handwriting of Dixon, which contains the statement that the members of the firm are Dixon and Howard. It has been well decided that, " where two persons are sued as partners, and the question of partnership is put in issue, the statement of one of such persons in the absence of the other is not evidence against the other that they are partners." (*Johnston v. Clements*, 25 Kas. 376; 17 Am. & Eng. Encyc. of Law, 1317.) As Howard's liability depended upon the existence of the partnership, and as that was the main issue in the case, the admission of this testimony was material error. The judgment of the district court will therefore be reversed, and the cause remanded for another trial.

All the Justices concurring.