VAN BRUNT & DAVIS CO. v. HARRIGAN *et al.*

1. In an action by or against partners in this state, it is not absolutely necessary that the title describe the parties as partners, and give the partnership name, provided the facts appear in the body of the complaint.

2. When, in an action against the defendants as partners, the partnership, the names of the members composing the same, and the partnership name are fully set out in the body of the complaint, the omission in the title of such complaint of the statement that such defendants are partners, and constitute a firm, does not render the complaint subject to the objection that the same does not state facts sufficient to constitute a cause of action.

(Syllabus by the Court.   Opinion filed Dec. 21, 1895.)

Appeal from circuit court, Edmunds county.   Hon. LORING E. GAFFY, Judge.

Action on a promissory note.   Judgment for defendants, and plaintiff appeals.   Reversed.

The facts are stated in the opinion.

*John L. Wells* (*H. H. Potter* of counsel), for appellant.

The title need not describe the parties as partners and give the partnership name, if that fact appears in the body of the complaint.   Bliss Code Pl. 145; 17 Am. & Eng. Ency. Law 496; 1 Lindley Partnership, 635.   In an action against several as individuals, an amendment is permissible under the code charging them as partners.   Williams v. Bowdoin, 68 Ala. 126; Gans v. Beasley, 59 N. W. 717; Anglo v. Turner, 34 Kan. 340.

*C. H. Barron* and *Albert Gunderson*, for respondents.

A plaintiff will not be permitted to amend his complaint by adding a new cause of action, or which will produce an entire change of parties.   Sheldon v. Howard, 27 How. Pr. 179; 41 Barb. 54; Van Sychles v. Perry, 3d Rob 623; McMalen v. Allen, 12 How. Pr. 39.

CORSON, P. J.   This was an action brought by the plaintiff against the defendant Harrigan, as maker, and the three other defendants, as guarantors, of a promissory note.   The

guaranty was signed in the firm name of Stowe, Tracy & Guhin. The complaint contains the following allegation: "That on March 25, 1885, and thereafter, until after the indorsement mentioned below was made, defendants Addison F. Stowe, Frank J. Tracy, and James W. Guhin were engaged in the business of selling and dealing in farm machinery at Ipswich, Dakota territory, as a partnership, under the firm name of Stowe, Tracy & Guhin." There is, however, nothing in the title of the action in the complaint indicating that these defendants were partners or constituted a firm. Tracy & Guhin answered, but what disposition was made of the case as to the defendants Harrigan and Stowe does not appear. On the trial, counsel for the defendants Tracy and Guhin objected to any evidence under the complaint, "for the reason that the complaint does not state facts sufficient to constitute a cause of action against the defendants Tracy & Guhin, it appearing from the summons and complaint that the action was brought against the defendants in a personal character, and there is no cause of action stated against either of these defendants in a personal character, which objection was sustained by the court, to which ruling plaintiff duly excepted." The court thereupon directed a verdict in favor of the defendants, upon which a judgment was rendered, and from which the plaintiff appeals.

It seems to be assumed by counsel for both parties in their briefs that the only defect in the complaint on which the motion was based was the omission to state in the title to the action in the complaint that the three defendants last named were partners or constituted a firm. As will have been observed, the fact that they constituted a copartnership is fully set out in the body of the complaint. Did the omission, therefore, to set out in the title the statement that they were partners, render the complaint defective or insufficient? We are of the opinion that it did not. Actions in this state against partners must be brought against them as individuals, and not against the partnership as such. There would seem, therefore,

no absolute necessity for stating in the title that the defendants were copartners or constituted a partnership firm, as such statement in the title in no manner qualifies or limits the capacity in which they are sued. For the purpose of showing that the firm name signed to the guaranty rendered all the defendants liable thereon, it was necessary in the body of the complaint to allege that the defendants were partners, and constituted a firm known by that name, and such an allegation is made. Judge BLISS, in his excellent work on Code Pleading, says: "In an action by or against a partnership, the full names of all the partners must be stated. Partners cannot, at common law, sue or be sued by their partnership names; but by statute, in some of the states, as in Ohio, Iowa, etc., this is allowed, and so far partnerships are treated as corporations. Elsewhere their demands are joint and personal, and must be enforced by them as individuals. The liabilities, also, of partners, are personal liabilities; and they or their survivors are jointly liable, unless, as in Missouri, the statute severs the liability, and authorizes an action against one or more of them. It is not absolutely necessary that the title describe the parties as partners, and give the partnership name, provided the facts appear in the body of the complaint; but it is always best to do so. So, when one brings an action in a representative capacity, or sues another in that capacity, the title should show the relation." Bliss, Code Pl. Sec. 145.

The contention of counsel for respondents that partners, sued as such, are sued in a representative capacity, is not tenable. The term "representative capacity" is a well understood term, and only applies to a party acting for and in behalf of some other party or estate, and not for himself personally. When a party sues or is sued in such capacity, it is necessary that the capacity in which he sues or is sued should appear in the title, to show the relation between the party and the estate represented, and that he is in court, not for himself, but for the estate he represents. Partners occupy no such position.

When suing or being sued, they represent themselves only. Any judgment for or against them is rendered for or against them individually, and not as a partnership.

As the motion seems to have been entirely based upon this one alleged defect in the complaint, and has been so treated by the respective counsel, we do not deem it necessary to discuss the sufficiency of the complaint generally. Where counsel, in their motion in such a case, limit themselves to specified grounds, if these grounds are not sufficient to sustain the ruling, an appellate court will look no further, but reverse the ruling or judgment. Judgment reversed, and a new trial ordered.