FIRST NATIONAL BANK OF DEADWOOD V. HATTENBACH *et al.*

1. Where in the title of an action defendants are described as H. and H., and the complaint commences by stating that plaintiff complains of the above-named defendants, and alleges that said defendants, under the

name of H & Bro., executed and delivered the note sued on, such complaint is not demurrable because not connecting the defendants with H. & Bro., since, where defendants' names are fully given in the title, it is sufficient to refer to them in the body of the complaint as "the above-named" or "the said" defendants.

2. A complaint, in an action on a partnership note, alleging execution and delivery by defendants under the name of H. & Bro., is sufficient, without allegation of co-partnership under such name, since the action is against them as individuals, and an allegation of co-partnership is not essential. Hence a statement in the title that defendants are partners, is unnecessary, and may be treated as surplusage.

3. Where a complaint alleges that defendants, under the name of H. & Bro., executed and delivered a note, proof of partnership under such name is admissible to show joint liability, though no such partnership is alleged.

(Opinion filed July 11, 1900.)

Appeal from circuit court, Lawrence county. Hon. JOSEPH B. MOORE, Judge.

Action by the First National Bank of Deadwood against Joseph Hattenbach and others to recover upon a promissory note. There was a judgment in favor of the plaintiff against defendants Joseph Hattenbach and another. and they appeal. Affirmed.

*Robert N. Ogden* and *W. L. McLaughlin*, for appellants.

*Moody, Kellar & Moody,* for respondent.

CORSON, J. This is an action upon a promissory note. The defendant Andrew J. Knight was not served, and made no appearance in the action. The other defendants demurred to the complaint on the ground that it did not state facts sufficient to constitute a cause of action as against them. The demurrer was overruled, and, the defendants declining to answer, judgment was entered against them for the amount due upon

the note, from which judgment they have appealed to this court.

In the title the defendants are thus described: "Joseph Hattenbach and Aaron Hattenbach, Co-Partners Doing Business under the Firm Name of J. Hattenbach & Bro., and Andrew J. Knight, Defendants." The complaint commences as follows: "The plaintiff above named complains of the above-named defendants," and after setting out that the plaintiff is a banking corporation, etc., alleges as a cause of action "that said defendants under the name of A. J. Knight and J. Hattenbach & Bro., at Deadwood, South Dakota, upon the 8th day of March, 1894, for value received, duly executed and delivered to the Merchants' National Bank of Deadwood, South Dakota, their certain promissory note, whereby they jointly and severally promised to pay to the said Merchants' National Bank, ninety days after date, the sum of four hundred fifty dollars ($450), with interest thereon at the rate of 12 per cent. per annum from date * * *" The note is set out in the complaint, and is signed as follows: "A. J. Knight, J. Hattenbach & Bro." It is further alleged in the complaint that the said note was indorsed and delivered to the plaintiff, who is now the owner and holder of the same and that no part of the same has been paid; and plaintiff demands judgment against the defendants, and each of them, for the amount specified in the note, with interest.

It is contended by appellants that the demurrer should have been sustained for the reason that "there is nothing whatever in the complaint by which to connect these appellants with J. Hattenbach & Bro." The respondent, however, insists that as the names of the Hattenbachs are fully stated in the title, the allegation that "said defendants, under the name of

A. J. Knight and J. Hattenbach & Bro.,    *   *   *   for value
received, duly executed and delivered to the Merchants' Na-
tional Bank    *   *   *   their certain promissory note, whereby
they jointly and severally promised to pay," etc., sufficiently
connects the defendants with the note in controversy, and that
it was not necessary, having named the defendants in the title,
to again name them in the body of the complaint.   In this we
think the respondent is correct.   Where the names of the de-
fendants are fully given in the title, it is not necessary to re-
peat them in the body of the complaint, but it is sufficient to
refer to them as "the above-named defendants" or "the said de-
fendants."   City of Lead v. Klatt, 11 S. D. 109, 75 N. W. 896.
It will be observed that it is alleged in the complaint that "said
defendants under the name of A. J. Knight and J. Hattenbach
& Bro.," duly executed and delivered their certain promissory
note.   It is true there is no allegation in the body of the com-
plaint that J. Hattenbach & Bro. constituted the firm of which
Joseph Hattenbach and Aaron Hattenbach were partners, but
in this state it is not essential that co-partners should be sued
or described as such.   The action is against individuals, and
not against the co-partnership.   Shoe Co. v. Stebbins, 3 S. .D.
540, 54 N. W. 593.   It has in some cases been held necessary to
allege the co-partnership, for the purpose of letting in proof
that one member of the firm was authorized to sign the firm
name, but the weight of authority is in favor of the rule that
proof of the partnership is admissible as evidence to show
a joint liability where no partnership is alleged.   15 Enc. Pl.
& Prac. 920, 921; Jemison v. Dearing's Ex'rs, 41 Ala. 291;
Swinney v. Burnside, 17 Ark. 38; Pollock v. Glazier, 20 Ind.
262; Howard v. Woodward, 52 Kan. 106, 34 Pac. 348; Stix v.

Mathews, 63 Mo. 371; Singleton v. Thornton (Sup.) 9 N.Y. St. Rep. 600; Hawley v. Hurd, 56 Vt. 617; Fetz v. Clark, 7 Minn. 217 (Gil. 159). In 15 Enc. Pl. & Prac., *supra,* the rule is thus stated: "As a general rule, in an action against partners upon a partnership obligation it is not necessary to allege the partnership between the defendants, but they may be declared against as any other joint debtors; and under an allegation that defendants contracted, without any averment of partnership between them, proof of a partnership is admissible as evidence to show a joint liability. Indeed, in such a case, if the partnership is averred in the complaint and denied in the answer, the issue formed is immaterial." In Hawley v. Hurd, *supra,* the supreme court of Vermont, speaking upon this subject, says: "The note for $800 was admissible under the general counts. There is nothing peculiar relating to the form of declaring against partners, except that care must be taken that all the causes of action be stated to be joint. 2 Saund. Pl. & Ev. 708. They may, as a general rule, be declared against as you declare against other joint contractors. In Maynard v. Fellows, 43 N. H. 255, it is held not to be necessary to declare upon a partnership note as such, unless its form is such as to render it necessary in order to avoid a variance. So, in Vallett v. Parker, 6 Wend, 615, where a promissory note was declared upon as made by the defendants, not naming them as partners proof that it was signed by one of the firm in the partnership name was held to support the declaration." In Swinney v. Burnside, *supra,* the court says: "It was not necessary to state in the commencement of the declaration that the defendants were partners, or to set forth in the body of the declaration the manner or style in which they executed the note, though

it is usual in declaring against the partners to do both. It would have been sufficient, it seems, to allege simply that the defendants made the note,"—citing a large number of authorities in support of the proposition. In 15 Enc. Pl. & Prac. it is stated in a note on page 921 that "in an action on a promissory note, in which it is alleged that two of the defendants executed the note as A. & B., the complaint is not demurrable for want of an allegation that A. & B. are partners, or that the designation is a firm name." In the case at bar it will be noticed that the complaint does allege, not only that the appellants executed the note, but the manner in which they executed it, viz, "under the name of A. J. Knight and J. Hattenbach & Bro.," and the appellants admit by the demurrer that they did so execute it; hence their contention cannot be sustained. As it was not necessary to state in the title that the appellants, Joseph and Aaron Hattenbach, are partners, that statement may be treated as surplusage. Van Brunt v. Harrigan, 8 S. D. 97, 65 N. W. 421. See, also, cases above cited. We are of the opinion, therefore, that the circuit court ruled correctly in overruling the demurrer, and the judgment of the court below is affirmed.